THE INSURANCE & LAW BUILDING COMPANY v. THE NATIONAL BANK OF MISSOURI, *Plaintiff in Error.*

**Landlord and Tenant**: COVENANT FOR RENEWAL: COVENANT TO PAY DOUBLE RENT: HOLDING OVER: TENANT'S STATUS. A lease for a term of years contained a covenant for the payment of double rent for every day the tenant might hold over after the expiration of the term, with a further covenant that after such expiration the tenant should have the privilege of renewal for a further term at the same rent as that reserved for the first. The tenant held over for a number of years, paying rent at the old rate. No new lease was executed, neither party requiring it. *Held,* that inasmuch as the tenant had paid the single and not the double rent, he must be taken to have held over under the covenant for renewal, and his liability was the same as if a new lease had actually been executed.

*Error to St. Louis Court of Appeals.*

AFFIRMED.

*Henderson & Shields* for plaintiff in error, in argument cited Taylor on Landlord and Tenant, § 332; *Thiebaud v. National Bank,* 42 Ind. 212; *Bradford v. Patten,* 108 Mass. 153; *Hunter v. Silvers,* 15 Ill. 174; *Finney v. St. Louis,* 39 Mo. 177; *Bircher v. Parker,* 40 Mo. 119; *Constant v. Abell,*

36 Mo. 174; *Grant v. White*, 42 Mo. 285; *Hammon v. Douglas*, 50 Mo. 434; *s. c.*, 50 Mo. 442.

*Britton A. Hill* for defendant in error, in argument cited Taylor on Landlord and Tenant, §§ 15, 81, 332, 43, 32; *Kramer v. Cook*, 7 Gray 550; *House v. Burr*, 24 Barb. 525; *Levitsky v. Canning*, 33 Cal. 299; *Delashman v. Berry*, 20 Mich. 292; *Orton v. Noonan*, 27 Wis. 272; *Ranlet v. Cook*, 44 N. H. 516; *Hall v. Spaulding*, 42 N. H. 259; *Bradford v. Patten*, 108 Mass. 153; *Renoud v. Daskam*, 34 Conn. 512; *Woodcock v. Roberts*, 66 Barb. 498; *Creighton v. McKee*, 2 Brews. (Pa.) 383; *Schroeder v. Gemeinder*, 10 Nev. 355; *Falley v. Giles*, 29 Ind. 114.

HOUGH, J.—On the 1st day of May, 1867, the plaintiff leased to the defendant a certain building or banking house in the city of St. Louis, " for and during the term of three years at the yearly rent of $7,000, payable $583.33 monthly, when due." Said lease, which was signed by both parties, contained the following stipulations: " The said lessee, and all holding under it, hereby engage to pay the rent above reserved, and double rent for every day it, or any one else in its name, shall hold on to the whole, or any part of said tenement after the expiration of this lease."     *
    *     " The said lessee has the privilege of a renewal for ten years more from the expiration of this lease at the yearly rent of $7,000, payable monthly." The defendant entered into possession of the leased premises on the 1st day of May, 1867, and continued in possession for the original term of three years, at the expiration of which time, so far as the record shows, the lessee did not request a new lease, nor did the plaintiff tender a new lease. The defendant, however, continued in possession paying the sum of $583.33 monthly, just as before, until May 31st, 1876, when, having previously given a month's notice of its intention to quit, it removed from the premises. The plaintiff refused to accept a surrender, and brought the present suit for the rent accruing subsequently to the removal of the

defendant. On this state of facts the circuit court held that after the expiration of the three years the defendant was a tenant from month to month, and accordingly gave judgment for the defendant. The St. Louis court of appeals reversed the judgment of the circuit court and gave judgment for the plaintiff, and the defendant has brought the case to this court by writ of error.

It is contended, on behalf of the defendant, that the terms of the lease required the plaintiff to make a new lease at the defendant's option, and that the only effect of the continued occupation of the premises with the consent of the landlord and the payment of rent, was to create, by implication, a new contract of tenancy from month to month under the act of 1869, which, in towns and cities, converts what were previously tenancies from year to year into tenancies from month to month. It is conceded that when the lease provides simply for an extension of the term, at the option of the lessee, nothing need be done by the lessor, and the occupation of the premises and payment of rent constitute sufficient evidence of the lessee's election so to extend the term. But it is insisted that when the lease provides for a "renewal" at the option of the lessee, though for a specified time and at a designated rate, there must be affirmative action by the lessor as well as the lessee; and while the lease for the additional term need not be re-written and resigned, some new express contract in relation thereto must be made by both parties before the lease can be regarded as having been renewed; and in the absence of such express contract, the only contract existing between the parties is that which the law will imply.

It may well be doubted whether the word "renewal," as employed in the lease before us, implies anything more than an extension of the term. In the case of *Ranlet v. Cook*, 44 N. H. 512, that word was similarly employed, and was construed as being equivalent in meaning to the word "extension." The reasoning of the court of appeals on this subject commends itself to our judgment as being both

forcible and just. Besides, the formal covenant of renewal usually provides specifically for the execution of a new lease.

The general rule undoubtedly is, that when a lessee for years holds over his term, in the absence of any express contract, the law implies that he is holding over under the terms of the original lease, and it, therefore, makes him a tenant from year to year; but to sustain this implication the acts of the parties must be consistent with such a tenancy. And when the terms of the lease and the conduct of the parties are such as to clearly indicate that the lessee is not holding over under the terms of the original lease, and there is any contract in writing between the parties to which such conduct may be referred, the legal implication of a tenancy from year to year will necessarily be rebutted, and the law will presume that the parties are acting under such contract. Thus, if the acts of the parties are in strict accord with the terms of a renewal provided for in the original lease, and do not conform to the stipulations of the lease so far as they relate to the original term, the law will imply that the lessee is in under the renewal, and he will be held accordingly.

After the expiration of the original term of three years the defendant could only remain in possession of the demised premises in one of two ways : first, by holding over under the terms of the original lease; second, by accepting the terms of the renewal therein provided for. Now, if the defendant declined the privilege of taking the premises for the additional term of ten years, he was bound by the terms of the original letting to pay to the plaintiff for each and every day he remained in possession, after the expiration of three years, double the rent reserved by the original lease. This he did not do. On the contrary, the defendant continued for the period of six years to pay, and the plaintiff to receive, the monthly rents provided for in the clause for renewal, just half the sum the defendant was obligated to pay if the privilege of renewal was not exer-

cised by it.  Under these circumstances we think the defendant is estopped to deny that the term had been extended under the clause of renewal.  The judgment of the court of appeals will, therefore, be affirmed.  The other judges concur.