[No. 9744. Department One.—June 23, 1885.]

## WILLIAM H. CHENEY, APPELLANT, v. J. R. NEW-BERRY & CO., RESPONDENTS.

LEASE— CONTRACT FOR— PAYMENT OF RENT— CANCELLATION.— An entry under a written contract for a lease for a stated term, and at a specified rent, and the payment and receipt of the rent, constitute a valid lease between the parties for the term and at the rental specified. Neither party can subsequently cancel the contract without the consent of the other.

APPEAL from a judgment of the Superior Court of San Bernardino County.

Action for unlawful detainer. The complaint, in addition to the averments mentioned in the opinion, alleged that on the 24th day of April, 1884, the plaintiff notified the defendants, that if they continued to occupy the leased premises after the 1st day of June, 1884, the rent would be raised to $100 per month; that the defendants did so continue in occupation for several months, and refused, after a three-days demand so to do, either to pay the increased rent or surrender possession of the premises. The demurrer of the defendants to the complaint was sustained, and upon the refusal of the plaintiff to amend, judgment was entered thereon. The further facts are stated in the opinion of the court.

*Henry M. Willis*, for Appellant

*Satterwhite & Curtis*, for Respondents.

Ross, J.—The demurrer to the complaint was properly sustained. The complaint alleges that on the 1st of June, 1883, under a written contract for a lease of a certain lot of land for the term of three years, at a rental of $66.66 per month, payable in advance, the defendants entered into possession of the premises. That on the 27th of September, 1883, being still in possession, defendants notified plaintiff " that they rescinded and cancelled the contract for a lease aforesaid and refused to be bound by it." That defendants continued to occupy the premises, " and plaintiff elected to receive from them for the year ending June 1, 1884, the rent therefor at the rate of $66.66 per month." Unless, in this condition of affairs, it can be said that

defendants were not holding the premises under the contract under which they originally entered, it is quite clear that the action, which is unlawful detainer, cannot be maintained upon the averments contained in the complaint. The entry under the written contract for a lease for a stated term and at a stated rent, and the payment and receipt of the rent, constituted a valid lease between the parties for the term and at the rental specified. (1 Wash. Real Prop. pp. 397, 398.) Neither party could subsequently cancel the contract without the consent of the other, and that the plaintiff did not consent to the proposed cancellation is manifest from his subsequent acceptance of the rent in accordance with the terms of the contract. Payment and receipt of the rent was only consistent with a recognition by lessor as well as lessee that the lease was in force.

Judgment affirmed.

McKEE, J., and McKINSTRY, J., concurred.