RICHARDS M. BRADLEY and Another v. METROPOLITAN MUSIC COMPANY and Others.[1]

June 12, 1903.

Nos. 13,500—(121).

## Construction and Lease of Building.

A certain contract provided that the party of the first part should erect a substantial building upon certain premises in accordance with plans and specifications then being prepared by an architect, and lease

[1] Reported in 95 N. W. 458.

the same to the second party for a period of ten years from May 1, 1900. The agreement contained provisions for determining the rental, based upon the value of the building, provided for a renewal at the expiration of ten years, stipulated certain penalties in case of delay in the construction, and contained statements to the effect that a more formal lease was to be executed by the parties. *Held:*

### Contract.

1. The contract was definite and complete in respect to the parties, the term, the nature of the building to be constructed, the premises, the conditions of renewal, method of determining the rental value and time of payment, and the parties, having executed the contract by constructing the building and taking possession, treated it as the final and only instrument necessary.

### Finding.

2. The finding of the court sustained, to the effect that the contract was not repudiated by the second party.

### Same.

3. The finding of the court sustained by the evidence, to the effect that the $2,100 item for extra night work was not a part of the cost of the building, within the meaning of the contract, and should not be taken into account in determining the rental value.

Action in the district court for Hennepin county to recover possession of a building erected by plaintiffs under a contract with defendant Metropolitan Music Company; to recover the value of the use and occupancy thereof; and $1,500 damages for its detention. Defendant, answering, alleged its lawful possession and a continuing contract for a lease; admitted its liability for $3,490.35 rent; and set up a counterclaim for $4,000 damages for failure of plaintiff to perform the conditions of the building contract. The case was tried before Pond, J., who found, as conclusions of law, that plaintiffs were entitled to recover from defendant $4,361.96 for the use and occupation of the premises; that the contract between the parties remained in force; that plaintiffs were not entitled to further relief; and that defendant was not entitled to recover upon its counterclaim. From a judgment entered pursuant to the findings, plaintiffs appealed. Affirmed.

*Tryon & Booth* and *Lothrop & Johnson*, for appellants.

*Squires & Griggs*, for respondents.

LEWIS, J.

On December 15, 1899, appellants and respondent Metropolitan Music Company entered into a written contract whereby it was agreed that appellants should erect a substantial building upon certain premises in Minneapolis in accordance with plans and specifications then being prepared, by an architect, and should lease the same to respondent for the period of ten years from May 1, 1900. The contract provided that the rental value should be based upon the cost of the building, which was assumed to be $43,000. Certain changes were provided for in case the cost should exceed or be less than that amount; respondent to pay the taxes and assessments, keep the building insured, and pay the rent in equal monthly instalments. The contract also contained a provision for renewal at the expiration of ten years, and the following proviso in reference to penalty:

"It is understood that should there be an unavoidable delay in having the building ready for occupancy beyond the first day of May, 1900, there shall be no penalty on said first parties beyond the loss of rent from May 1, 1900, until the building is ready for occupancy, and the actual cost to the second party of moving into temporary quarters, which cost, however, shall not exceed $1,000. Provided, that if the basement, first and second floors are ready for occupancy on the first day of May, 1900, said second party shall take possession of these floors at that time, or as soon thereafter as they are ready for occupancy, paying therefor a just proportion of the rent herein agreed to be paid, such rental to be paid until the balance of the building is completed when the agreed rental shall commence."

The contract also contained the following clause:

"The terms and conditions of said lease shall be substantially in accordance with the copy hereto attached."

Appellants caused a building to be constructed upon the premises, and on May 1, 1900, respondent Metropolitan Music Company entered into possession of the basement and the first and second floors thereof, and on May 15 took possession of the entire building, and the following June 26 accepted it as being in compliance with the terms of its contract with appellants. A controversy having arisen between the parties as to the actual cost of the

building, some effort was made towards arbitration of certain matters in dispute, and, it having been claimed by appellants that respondent had repudiated the contract, on January 27, 1902, they served notice on respondent to quit the premises, which not having been complied with, this action was brought for the purpose of securing possession of the premises, and to collect certain rentals claimed to be due. The answer of respondent denied that it had repudiated the contract, raised an issue as to the cost of the building, and set up a counterclaim for damages by reason of the imperfect and unsubstantial character of the building.

The cause was tried before the court, and, so far as material, the court found that respondent took possession of the basement and first and second stories on May 1, and of the entire building on May 15, 1900; that on the following June 26 it accepted the building as being in compliance with the contract; found that the total cost of it did not include an item of $2,100 which had been paid out and expended by appellants for the extra expense of carrying on the work of construction during the night; that respondent had not cancelled or repudiated the contract, and had not refused to execute a formal lease embodying the contract terms; and that appellant had never made a tender of such lease. As a conclusion of law, the court found the respondent indebted to appellants for a certain amount of rent due, and held that the contract above referred to was still in force and effect, and had never been modified or repudiated by either of the parties.

The assignments of error and the argument present the following propositions: Was the contract, in effect, a lease, or was it any more than an agreement for a lease, and, if the latter, did the possession by respondent amount to any more than a tenancy at will, or from month to month? Was the contract repudiated by respondent, and the nature of possession changed from that provided for in the contract? Should the item of $2,100 for the extra cost of night work be considered a part of the construction of the building, within the meaning of the contract?

1. If the instrument which the parties executed was complete within itself, and contained all the provisions necessary to a lease of the premises, it was proper for the parties to treat it as

sufficient and final, although it contained a reference to the execution of a more formal document, called a "lease." The contract under consideration is not indefinite in any respect. The parties, the premises, the nature of the structure, the terms, the condition for renewal, the method of determining the rental value, are all specifically stated, and the parties could waive the execution of a more elaborate and formal document. The court having found that the building was constructed; that respondent took possession of it, and accepted it as being in accordance with the contract; that it never had repudiated the contract, and had never refused to execute the lease referred to in the contract; and that appellant had never tendered to respondent for execution such further lease—it follows that the contract became in fact the lease, and was so treated by the parties. It does not matter by what name the instrument is called, so long as it is definite and certain in its terms, and was acted upon by the construction of the building and by taking possession. Nor is it material that the proposed formal lease contained more specific specifications, and covered some things not elaborated in the contract.

2. The finding of the court that the contract was not repudiated and cancelled by respondent is sustained by the evidence. Appellants rely mainly in controverting this finding upon a letter written by respondent's attorney to appellant's agent on December 31, 1901, in which was reviewed at length the controversy that had been pending between the parties with reference to the cost of the building, and in which it was stated that respondent would decline a further discussion of the $2,100 item, and that for the present it would continue to pay the trustees whatever should appear to be the reasonable value of the use and occupation of the premises in the incomplete, unfinished, and defective condition in which they have been found to be, and not the amount which appellants might claim as rental upon their estimated cost. This portion of the letter, taken by itself, might reasonably be held to express an intention to repudiate the entire contract, and to be a declaration that respondent would pay in the future only a reasonable rental, based upon the actual condition of the premises; but, when considered in connection with the entire correspondence

and the actual position of the parties, it does not bear such interpretation. It is evident that the writer was referring to the matters then in dispute between the parties as to the actual cost of the building, in an attempt to arrive at the rental value for the entire term of ten years. Those disputed matters were an increase of $1,500 which appellants paid the contractor by reason of the shortness of the time in which he had to complete the work, and the $2,100 item for the extra cost of night work. Before this letter was written, respondent had accepted the building as being constructed in substantial compliance with the contract. It was in possession, paying monthly rental, and the actual cost of the building had not yet been determined. We find no other evidence in the case indicating any intention on the part of respondent to repudiate the contract, but every act, with the exception of the portion of the letter referred to, shows clearly its intention to abide by its terms and insist upon its fulfilment by appellants.

3. The finding of the court that the $2,100 item for extra night work was not a part of the cost of the building, within the meaning of the contract, is also sustained by the evidence. The agreement contained a provision that both parties would make the cost of the building as low as possible, and that no penalty should attach for delay in completing the building, except the loss of rent, and $1,000 if respondent should find it necessary to occupy temporary quarters. Appellants claim that it was error on the part of the trial court to reject the offer of evidence to the effect that it was impossible to complete the building within the time required, unless such extra night work was performed, and that such method was the reasonable and natural method for the completion of buildings of that character. We do not find these propositions discussed in the brief, but it is sufficient to say that the evidence was properly rejected, for the reason that the natural meaning of the language applied to the contract does not embrace such items of expense. The fact that the time was short is not alone sufficient to warrant appellants in resorting to such extraordinary method in order that the building might be completed within the time the rent was to commence

to run. It was manifestly for its own benefit to have the rents commence at the earliest possible time, and, if it chose to incur the extra cost of doing night work in order to accomplish that object, appellants were at liberty so to do. Respondent was entitled to whatever advantage would inure to it by reason of the delay in finishing the building on time. In the absence of express language to the effect that such extra work should be considered a part of the cost of the building, it must be rejected as not within the contemplation of the parties.

Judgment affirmed.