# CIRCUIT COURT OF BALTIMORE CITY.

Filed May 7, 1910.

HOFMEISTER
VS.
FITZSIMMONS.

*Charles F. Stein* and *C. E. Schaumloeffel* for plaintiff.

*G. D. Penniman, Venable, Baetjer & Howard* and *Frank Gosnell* for defendants.

NILES, J.—

The so-called "Agreement" filed with the "Plaintiff's Exhibit No. 1," must be held to be, on the facts set out in the bill, a lease for five years.

Am. & Eng. Encyc. Vol. 18, p. 600.

People vs. St. Nicholas Bank, 3 App. Div. (N. Y.), 544.

Bradley vs. Met. Music Co., 89 Minn., 516.

Feust vs. Craig, 107 N. Y., Supp., 637.

The question then is, can the lessor in this case compel the defaulting lessees who have abandoned the premises to specifically perform the lease.

The bill sets forth facts which pretty clearly indicate that the object for which the lease was made cannot now be accomplished, and should specific performance be decreed here, it is difficult to see on what ground it could be refused when an ordinary promissory note is dishonored, or any contract for the payment of money is broken.

Notwithstanding the very broad scope given to Article 16, Section 215, Code of 1904, by the Court of Appeals in Neal vs. Parker, 98 Md., 254, the later case of

Md. Telephone Co. vs. Simons, 103 Md., 136, shows that it was not intended to require the equity Court to specifically enforce any and every contract which might be brought before it, but that the granting of such relief was still a matter of sound judicial discretion.

The remedy at law here seems ample,

Odenwald vs. Wiesenfeld, 97 Md., 165,

and legal proceedings would better subserve the ends of substantial justice than the specific performance with ancillary relief prayed for.

Holding this view, the question of parties need not be considered.

I am of opinion that the demurrer should be sustained.

Of course, the decree will be without prejudice.