SAMUEL NEWBERGER *vs.* FLETCHER LAND COMPANY *et al.*

MAY 7, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Sweeney, JJ.

STEARNS, J. The proceeding is by bill in equity to restrain the respondents, the Fletcher Land Co., hereinafter called the owner, and Edward Radding, from interfering with the complainant's occupation of a store in the Narragansett Hotel Building in Providence.

In January, 1910, the Fletcher Land Co., the owner of the premises, by its written agreement, agreed with complainant to make a written lease of the store for a period of ten years, after the completion of certain repairs therein, at a yearly rental of $3,500. Thereafter, on March 19, 1910, a written lease for ten years was executed by the owner and complainant entered into possession.

On February 28, 1918, at the request of complainant, the owner entered into a written agreement with him, whereby the owner agreed to give complainant a new lease at the expiration of the first lease in 1920, provided that complainant at the time of the expiration of the first lease had kept all of the covenants in said lease and provided also that the owner had not, before the expiration of the first lease, sold

or agreed to sell the hotel building. The new lease was to be for a term of five years from March 19, 1920, at an annual rental of $5,000 payable in monthly installments. The owner also agreed to execute another lease for a term of five years, at the end of the new lease, upon the request of the lessee provided at that time lessee had fully performed all of his agreements; it was also provided that the new lease, or any other lease for an additional term, should contain a provision that the owner, its successors and assigns might at any time sell the demised premises free and discharged of the incumbrances of said lease, and if, because of such sale or any agreement of sale, the owner was desirous of terminating the lease, the owner should give six calendar months' previous notice in writing to the lessee and that then "immediately after the expiration of said period of six months" said lease should cease and be void, without prejudice to any claim of either party in respect to any antecedent breach of any covenant or condition therein contained. Detailed provision was also made in the written agreement for certain other conditions that were to be made a part of any new lease.

Complainant testified that on or about March 19, 1920, at the termination of the original lease, he conferred with Joseph E. Fletcher, the treasurer and agent of the owner, who told him that there was no need of executing a new lease; that he could remain in his store for ten years under the same terms and conditions as in the old lease but that the rental thenceforth would be $5,000 annually, and that in consequence no new written lease was executed. Complainant claims that he thus became a tenant for ten years from March 19, 1920, or at least a tenant from year to year from said March 19. No new lease was ever executed, neither party requiring it. Complainant continued in possession and paid the increased rent after the expiration of the first lease.

The owner sold the premises in June, 1924, and on the 30th of June, by notice in writing to complainant, informed

him of the sale, and gave him notice to vacate the store six months thereafter; in September following Mr. Fletcher, the agent of the owner and also a large owner in the land company, died. As the complainant refused to vacate the store at the end of the six months' notice, the respondent Radding, acting under authority of the present owner of the property, erected an obstruction around the store, of which complaint is now made.

The cause was heard by a justice of the Superior Court on bill, answers and issues of fact framed. The bill was dismissed and the cause is here on complainant's appeal.

The burden of proof to establish his claim of a yearly tenancy by holding over, or of an oral lease for ten years, is upon the complainant. The presiding justice found, as a matter of fact, that the written agreement of February, 1918, was not cancelled or changed by any subsequent oral agreement as claimed by the complainant. The evidence sustains this finding of fact.

The complainant and Mr. Fletcher, according to the testimony of complainant, were alone when the alleged oral agreement was made. Notwithstanding the positive testimony of complainant, upon consideration of the evidence we are of the opinion that the complainant has failed to establish his claim by a preponderance of the evidence. Mr. Fletcher, as it appears in the testimony, was a business man of long experience, methodical and very careful in the transaction of his business. The agreements for future leases were each as complete and explicit as a lease. Nothing of any importance was left undetermined in these agreements. The hotel property is located in the center of the city; it is valuable, and is steadily increasing in value. The owner had for a long time been willing to sell its property whenever it could get a satisfactory price. That the owner in the circumstances should by an oral agreement with its tenant surrender its power to sell the property free from the incumbrance of an existing lease is improbable. It was the tenant, not the owner, who sought to secure a new lease for

a longer period. There is no reason apparent for the alleged cancellation by the owner of the written agreement.

The written agreement for the new lease was in equity in effect the same as a new lease as either party, at any time after the new term was to begin, could enforce the execution of a lease in accordance with the terms of the agreement. If a lessee for years holds over his term, after the lapse of a certain time, in the absence of any express agreement, it is generally held that such tenant becomes a tenant from year to year and holds under the terms of the original lease. But when, as in this case, there is a written agreement in regard to the terms of the holding over, and the acts and conduct of the parties are in accord with such written agreement, the lessee will be held to be in possession under the terms of the written agreement, by which both he and the lessor are bound. The express agreement and the conduct of the parties in such a case negative any implication in regard to the terms of the lessee's holding.

The agreement was complete and contained all of the provisions essential for a lease of the premises; although it provided for the execution of another formal instrument a conventional lease, the parties could waive this provision. This they did by their conduct, with the result that the agreement became in effect a lease. See *Insurance Co.* v. *National Bank of Missouri*, 71 Mo. 58; *Cheney* v. *Newberry & Co.*, 67 Cal. 125; *Bradley* v. *Metropolitan Music Co.*, 89 Minn. 516.

As proper legal notice to quit was given by the owner, the lessee was wrongfully holding over at the time of the acts complained of and the bill of complaint was properly dismissed.

The complainant's appeal is dismissed; the decree of the Superior Court is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Anthony V. Pettine, Edward L. Godfrey, Frank C. Cambio,* for complainant.

*Sherwood, Heltzen & Clifford,* for respondent Radding.