[Civ. No. 6422. First Appellate District, Division One.—July 13, 1929.]

FILLIPIO REGALIA, Respondent, v. TONY MARIANI, Appellant.

TONY MARIANI, Appellant, v. FILLIPIO REGALIA, Respondent.

(1)

Joseph J. McShane, P. J. Flynn and David K. Watkins for Appellant.

Lelia R. Sleep and Sumner Hurd for Respondent.

THE COURT.—The above two actions wherein Fillipio Regalia is plaintiff and respondent and Tony Mariani is defendant and appellant in one and in the other Tony Mariani is plaintiff and appellant and Fillipio Regalia is defendant and respondent, were consolidated in the lower court and tried together and a single judgment entered, the court adjudging that Fillipio Regalia have and recover from Tony Mariani the sum of $1500, together with interest and costs, and that a contract entered into between the parties be rescinded, canceled and delivered up to Fillipio Regalia, and that Tony Mariani have and recover from Fillipio Regalia $300 as rent for the use of certain premises. The appellant has appealed from that part of the judgment wherein the court adjudged that Fillipio Regalia have rescission of the agreement of purchase and sale, and the return to him of $1500; that Tony Mariani has not sustained damages and that Fillipio Regalia is entitled to costs.

Respondent Regalia brought an action against appellant Mariani asking for the rescission of an agreement of purchase and sale of a certain restaurant business and the personal property used as equipment therein and the return of $1500, the purchase price paid. Some three months after this action was filed appellant Mariani commenced an action against respondent Regalia in unlawful detainer, claiming respondent was in default in the payment of rent.

Respondent paid to appellant, who was the owner of the restaurant in question and the building in which it was being conducted, located at 2042–2044 Seventeenth Street in the city of San Francisco, the sum of $1500 as the consideration of the purchase price of the restaurant business; the personal property used in and about such premises and busi-

ness, and an agreement to lease to him the premises. Prior to filing the action for rescission respondent duly served a notice of election to rescind the agreement, concerning the validity of which no point is made.

The agreement, which was signed by respondent and appellant, is as follows: "May 28, 1927. Received of Fillipio Regalia the sum of one hundred ($100.00) dollars as deposit on purchase of restaurant located at No. 2042 and 2044 Seventeenth Street, total purchase price fifteen hundred ($1500.00) dollars. Vendor is Mr. Tony Mariani. It is understood sale is to be consummated by June 4, 1927, but vendor, Tony Mariani, may rescind this contract on or before that date by refunding the said deposit of one hundred ($100.00) dollars. Rent of seventy-five ($75.00) dollars per month is to be paid on the first of each and every month and if not said contract is to be considered terminated and said purchase price of fifteen ($1500.00) hundred dollars is to be retained by vendor, Tony Mariani, and said vendee Fillipio Regalia is to remove from said premises. Sale includes all furniture, fixtures, dishes, cooking utensils, etc. A lease of three (3) years at seventy-five (75.00) dollars per month is to be entered into by said vendor and said vendee with option on part of said vendee to renew said lease for an additional two years. If said vendor refuses to sell by said June 4, 1927, he may not sell to any other party, except he give to said vendee an additional two hundred ($200.00) dollars. Vendor may retain said restaurant for himself, however."

At the time of the execution of the receipt or agreement respondent paid to appellant $100 as evidence of good faith, and upon taking possession on June 4, 1927—appellant not having elected to rescind as permitted by the agreement— paid to appellant the further sum of $1400, the balance of the purchase price.

According to the terms of the agreement a lease for a term of three years at $75 per month rent was to be given by appellant to respondent, with the option on the part of respondent to have the lease renewed for an additional term of two years. On June 4, 1927, respondent was tendered an unsigned lease restricting the use of the premises to residential purposes, thereby denying respondent the right to conduct in the premises the restaurant business he had

purchased from appellant, and for which he desired the premises, without securing the written consent of appellant, and which omitted the option of an additional two-years' term, and demand was made upon respondent for the additional sum of $300 as a condition precedent to the signing of the lease by appellant, as security for the preservation of the property. A subsequent lease was prepared from data furnished by respondent's attorney. This appellant refused to sign, according to the testimony of respondent's attorney, stating that "he owned the property and wouldn't sign a lease except on his old terms and he would not sign a lease at all unless the $300 was put up on deposit." The witness also testified: "Mr. McShane (appellant's counsel) told me before that that there would have to be a deposit for this lease."

The following points are urged by appellant: (1) that the evidence does not sustain the findings; (2) the findings do not support nor justify the judgment; (3) the judgment is against law; (4) errors of the court in the admission and rejection of evidence.

The first three assignments may be considered together. The court found all the allegations of respondent's complaint to be true; that respondent and appellant entered into an agreement on May 28, 1927, whereby respondent agreed to purchase from appellant certain personal property located at 2042–2044 Seventeenth Street in the city and county of San Francisco for the purpose of conducting a restaurant, and as a material part of the purchase and sale, appellant agreed to deliver to respondent a written lease of the premises for a period of three years, with the privilege of renewal thereof for a further length of time, at a monthly rental of $75 a month; that the purchase price of such restaurant business, including furniture, fixtures, dishes, cooking utensils, etc., and leasehold interest in the premises was the sum of $1500, all of which sum was fully paid; that appellant delivered to respondent the restaurant business, furniture, fixtures, cooking utensils, dishes, etc., but that appellant failed and refused to deliver to respondent a lease of said premises as agreed, although repeated demands were made on appellant therefor by respondent; that such lease is of great value to respondent as security for his future right to occupy the premises for the purposes for which

they were intended; that respondent has fully performed all the covenants and conditions of the agreement on his part and that although formal demand and notice of election to rescind the contract by reason of the failure of the consideration to respondent has been made as also demand for the return of the $1500 paid, appellant has failed and refused to pay respondent the sum of $1500 or any part thereof; that respondent is entitled to and has duly shown cause why the agreement of September 28, 1927, should be and the same is rescinded. The conclusions of law follow these findings, which find support in the evidence, and adjudge that respondent is entitled to a rescission of the agreement of purchase and sale and that respondent is entitled to the return of the $1500 paid by him on account of the agreement.

The main point urged by appellant is that if the agreement to give the lease is a valid one, the agreement is equivalent to a lease where the tenant goes into possession thereunder with the consent of the lessor, even though a formal lease was promised and refused, and has cited authority in support of his position, holding: "The entry under the written contract for a lease for a stated term and at a stated rent and the payment and receipt of the rent constituted a valid lease between the parties for the term and at the rent specified" (*Cheney* v. *Newberry*, 67 Cal. 125 [7 Pac. 444]). We do not question this principle but merely its application to the question here presented. While it is true that respondent paid the purchase price and went into possession under the agreement, certain other essentials are necessary to make an agreement to lease equivalent to a written lease. In *Levin* v. *Saroff*, 54 Cal. App. 285 [201 Pac. 961, 963], cited by appellant, while the court does say: "The mere fact that a written lease was in contemplation does not relieve either of the contracting parties from the responsibility of a contract which was already expressed in writing," and that "to create a valid lease but few points of mutual agreement are necessary: first, there must be a definite agreement as to the extent and boundary of the property leased; second, a definite and agreed term; and, third, a definite and agreed price of rental and the time and manner of payment," the court also says: "Whether an instrument is a lease *in praesenti*

or an agreement to execute a lease in future is largely a question of the intention of the parties." In the present case the agreement is primarily a receipt for $100 paid on purchase price of the restaurant equipment, which sale was to be consummated on June 4th. Should the vendor not go on with the sale by June 4th he was to return to the prospective vendee the $100, the receipt or agreement providing: "If said vendor refuses to sell by said June 4, 1927, he may not sell to any other party, except he give to said vendee an additional two hundred ($200.00) dollars."

The agreement in the Levin case was a formal agreement setting forth all of the terms and conditions which were to go into the lease and all of such terms and conditions were intended by the parties to be reincorporated in the lease, while here it is evident that the clause in the receipt that "a lease of three (3) years at seventy-five ($75.00) dollars per month is to be entered into by said vendor and said vendee with the option on the part of said vendee to renew said lease for an additional two years" was intended to be an agreement to make a lease in the future and was not intended as a lease. That being so, the receipt or agreement should not be construed as a lease, as "an agreement to execute a lease in future is largely a question of the intention of the parties" (*Levin* v. *Saroff, supra*). Furthermore, the receipt or agreement does not meet the requirements stated in *Levin* v. *Saroff, supra,* in that there is no date agreed upon when the three-year term is to begin. It is true the sale of the personal property was to take place by June 4th, in the event appellant should not conclude that he did not care to go on with the transaction, in which event the initial payment was to be returned, but there is no stipulation at what date the three-year lease was to begin.

There is no foundation for appellant's contention that both parties construed the agreement to be that appellant should pay the $300 demanded as security. Respondent merely said that he would think it over and never so agreed, and the oral contract, if made, was never executed. A contract in writing may only be altered by another contract in writing or by an executed oral agreement (Civ. Code, sec. 1698).

There is no merit in the contention that respondent did not rescind promptly. The matter of executing the lease

was under discussion between counsel for the respective parties, and two leases were drawn up which appellant refused to sign, and finally, according to the testimony of respondent's counsel, either in the latter part of August or the first part of September appellant refused to sign the lease except on the old terms and then not until the $300 was put up or deposited, and on September 28th the notice of election to rescind was served on appellant, and on September 30th the action was filed. It appears that about one month's time elapsed between appellant's refusal and respondent's election to rescind. This was not an unreasonable time.

This disposes of the questions presented by appellant's first three assignments. As to the fourth—"errors of the court in the admission and rejection of evidence"— under which appellant contends that it was error not to permit appellant to cross-examine respondent's counsel as to the understanding of giving security, it may be said that such testimony was properly excluded, as such examination could only elicit testimony tending to vary the terms of the written instrument, the terms of which were in no way uncertain.

The judgment is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 3, 1929.

All the Justices present concurred.