NORTON *v.* THE AMERICAN RING COMPANY.

*(Circuit Court, S. D. New York.    April 7, 1880.)*

CONTRACT — LETTER — STATUTE OF FRAUDS — COMMISSIONS. — Plaintiff offered, by letter, to sell defendant's goods for 10 per cent. commission, under an arrangement that should last for two years. Defendant replied by letter, offering plaintiff $7\frac{1}{2}$ per cent. commission on all the goods he should sell and all the trade he should make for the defendant. Plaintiff thereupon proceeded to obtain orders for the defendant, and the latter filled them by shipping the goods to the purchasers. *Held,* (1) that the agreement was valid under the statute of frauds; (2) that the plaintiff was under no obligation, express or implied, to devote himself exclusively to the sale of the defendant's goods; and (3) that defendant was entitled to commissions on all sales made through his influence, whether, in fact, made by him or not.

Motion for new trial.

*J. H. Whitlegge,* for plaintiff.

*Jonathan Marshall,* for defendant.

WALLACE, J.    The defendant moves for a new trial, alleging errors of law upon the trial, and that the verdict is against the evidence.    The plaintiff sued to recover commissions alleged to be due under a contract with defendant.    The evidence established that prior to July, 1873, the plaintiff and the agent of the defendant had a conversation in regard to the plaintiff selling umbrella goods for the defendant, but nothing was specially suggested on either side. July 1st, the plaintiff wrote the agent of defendant that he would sell the defendant's goods for 10 per cent. commission upon all their sales of that line of goods, but should not be willing to enter upon any arrangement unless it should be one for two years, as the hardest part of his services would consist in introducing defendant's goods to his customers. The next day the defendant's agent wrote in reply that defend-

ant could not consent to give plaintiff 10 per cent. commission on all defendant's sales, because defendant already had a trade in that line of goods, but that defendant would give plaintiff $7\frac{1}{2}$ per cent. commission on all the goods he should sell and all the trade he should make for the defendant. Whether plaintiff replied by letter accepting the defendant's proposition is a fact in dispute, plaintiff claiming that he did reply, and the defendant that there was no reply. However the fact may have been, the plaintiff immediately proceeded to obtain orders for defendant, and defendant filled them, shipping the goods to the purchasers, until in January, 1874, the parties agreed upon a reduction of plaintiff's commission to 5 per cent., to take effect from March 1, 1874.

The business relations of the parties continued until May, 1874, when the defendant discontinued the arrangements with the plaintiff, upon the ground that plaintiff was selling goods of the same kind as the defendant's for competitors of the defendant. The evidence authorized the jury to find that there was due, above payments from defendant to plaintiff, a somewhat larger sum than that found by the verdict.

The court ruled that the evidence established a contract by which the plaintiff had the right to sell the defendant's goods for two years; that there was no condition implied that he should sell exclusively the defendant's goods; that the agreement of the parties was valid within the statute of frauds, and that the plaintiff was entitled to recover commissions on all sales made, and the trade he procured for the defendant during the two years, at the rate of $7\frac{1}{2}$ per cent. up to March 1, 1874, and 5 per cent. thereafter.

What the contract between the parties was is to be determined by the letters which passed between them. The plaintiff's letter was a proposition to sell defendant's goods at a commission of 10 per cent. upon defendant's total sales, provided the arrangement could be made for two years. The defendant's reply was a counter proposition based upon the plaintiff's, and was an implied assent to the terms proposed by plaintiff, except so far as plaintiff's proposition was modified. This modification related only to the amount of the

commission and the basis upon which it should be computed. The two letters are to be read together, and, thus read, in legal effect defendant's letter was a proposition to pay plaintiff $7\frac{1}{2}$ per cent. commission upon all goods he should sell, and all trade he should make for defendant for a period of two years. The condition that the arrangement should continue for two years was evidently inserted for the plaintiff's benefit. He did not agree that he would sell defendant's goods for two years, but he reserved the right so to do because his most valuable exertions would consist in introducing the defendant's goods to the favor of his customers.

In this view the agreement was not one necessarily to be performed within a year; but, assuming that it was not to be performed within a year, the letter of the defendant, read with plaintiff's letter, was a proposition in writing, the terms of which were fully expressed, which was subscribed by the party to be charged, and which, when acted upon, was assented to and became the contract of the parties.

The plaintiff was under no obligation, express or implied, to devote himself exclusively to the sale of the defendant's goods. He was no more obligated to sell exclusively for the defendant than the defendant was to sell exclusively through the plaintiff. He was to have a commission on what goods he sold and on what trade he made, but he was under no legal obligation to obtain a single order for the defendant. He was merely a broker, whose commissions depended upon the efficiency of his own services. The defendant had no more right to complain that plaintiff sold goods for others than it would if he had not endeavored to sell as many goods for the defendant as he did.

As the plaintiff did not attempt to sell any goods for the defendant after the latter notified him that the commissions were to be discontinued, and as he waived upon the trial any recovery for commissions upon sales which he might have made during the two years if defendant had not terminated the agreement, his recovery was limited to commissions upon trade actually made by him within the two years. It is in-

sisted that, inasmuch as the evidence did not show plaintiff to have been the proximate cause of each particular sale made by the defendant to purchasers originally introduced by plaintiff, it was erroneous to permit the jury to consider sales made by defendant after plaintiff had ceased to solicit orders, as a basis for the estimate of damages.

The jury were instructed that plaintiff was entitled to commissions on all the trade made by him for the defendant within the two years, and that trade made by him included all the sales made by the defendant of which the plaintiff was the inducing cause. This, of course, permitted the jury to find that he was entitled to commissions on many sales made by the defendant, in regard to which the plaintiff's intervention consisted solely in originally introducing the purchaser to the defendant. Undoubtedly, if the agreement had been for commissions upon all goods sold by the plaintiff, this would not have authorized commissions where the particular sale was not made in consequence of the plaintiff's services. But the stipulation to pay commissions not only upon all goods sold by him, but also upon all trade made, could have been made with no other intent than to secure plaintiff commissions, whether the particular sale was made by him or not, whenever it was due to his influence and the defendant derived the benefit of it. I am satisfied that there were no errors on the trial, and that the verdict of the jury, though perhaps more liberal to the plaintiff than was to be expected, cannot be considered as against the evidence.

Motion for new trial denied.