[No. 19014.    Department Two. — January 21, 1893.]

V. L. ELBERT, RESPONDENT, *v.* THE LOS ANGELES GAS COMPANY, APPELLANT.

CONTRACT OF EMPLOYMENT — ACTION FOR BREACH — EVIDENCE — EFFORT TO OBTAIN DIFFERENT EMPLOYMENT. — In an action for damages for the breach, by the defendant, of a contract, by which the defendant agreed to employ the plaintiff for a term of two years, where it appears that the defendant, shortly after the expiration of the first year, without cause, discharged the plaintiff, and refused to accept further services, or to pay for the same, it is not error for the trial court to sustain an objection to a question asked of the defendant as to whether he had tried to get employment in a kind of business different from that for which he was employed by the defendant.

STATUTE OF FRAUDS — WRITTEN CONTRACT — LETTERS AND TELEGRAMS. — A complete contract, binding under the statute of frauds, is constituted by letters and telegrams between the parties, if they show clearly what the contract is, and are so connected with each other that they may fairly be said to constitute one paper relating to the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Cheney & Cronin,* for Appellant.

*Graff & Latham,* for Respondent.

McFARLAND, J. — This is an action to recover damages for the breach, by defendant, of an alleged contract, by which defendant ageeed to employ plaintiff as its

superintendent for a term of two years. Judgment went for plaintiff, and defendant appeals.

The main points made by appellant may be condensed into the statement that the evidence does not show any contract such as is averred in the complaint, and found by the court, and that, at least, it does not show a contract in writing within the meaning of the statute of frauds. We, however, do not think that appellant's position is tenable.

It appears, beyond dispute, from the evidence that in November, 1888, certain letters and telegrams passed between C. H. Simpkins, who was then president of the defendant (a corporation), and the respondent, concerning the employment of the latter. At that time Simpkins was in Los Angeles, California, which was the principal place of business of the defendant. Respondent was at Minneapolis, in the state of Minnesota. It appears further, beyond doubt, that in pursuance of said correspondence the respondent left his employment at Minneapolis, came to Los Angeles, entered upon the duties of the office of superintendent of appellant, performed said duties continuously for more than a year, and received his salary from the defendant in the amount stated in said correspondence. It appears, further, that shortly after the expiration of the first year, the appellant, through its then president, W. B. Cline, without cause, discharged the respondent, and refused to accept further services, or to pay for the same, — the only cause being, that appellant desired to go out of business.

Now, with respect to the question whether or not the letters and telegrams afford sufficient evidence that a contract for two years at a certain stipulated price was made, we deem it enough to say that we think said evidence was sufficient to show said facts; and we do not consider it necessary to repeat said letters and telegrams here in detail. It is contended, however, by appellant, further, that said letters and telegrams do not constitute a sufficient contract or memorandum in writing to

satisfy the statute of frauds.  It is settled law, however, that a correspondence through letters or telegrams, or both, if they show clearly what the contract was, is sufficient under the statute of frauds.  In *Breckinridge* v. *Crocker*, 78 Cal. 534, this court said: " In order to take a contract . . . . out of the statute of frauds, it is not necessary that there be a formal contract drawn up with technical exactness.  A memorandum of the agreement is sufficient, and it may be found in one or more papers, some or all of which may be telegrams."  In *Ryan* v. *United States*, 136 U. S. 68, the court held that " a complete contract, binding under the statute of frauds, may be gathered from letters, writings, and telegrams between the parties relating to its subject-matter, and so connected with each other that they may fairly be said to constitute one paper relating to the contract."

We think, also, that it clearly appears that the respondent was employed by the appellant, and not by said Simpkins personally.

We do not think that the court erred in sustaining an objection to a question put to the respondent, by which he was asked if. he had tried to. get employment in a kind of business different from that for which he was employed by the appellant.

The exception to the ruling of the court touching certain personal expenses of respondent is of no consequence, as in the findings and judgment no such expenses were allowed.  There are no other points necessary to be noticed.

The judgment and order denying a new trial are affirmed.

DE HAVEN, J., and PATERSON, J., concurred.