[Sac. No. 592.   Department One.—February 27, 1900.]

## GEORGE C. BREWER, Respondent, v. HORST AND LACH-MUND COMPANY, Appellant.

SALE OF PERSONAL PROPERTY — STATUTE OF FRAUDS — MEMORANDUM — TELEGRAMS—FIGURES AND ABBREVIATIONS—INTERPRETATION.—Upon a sale of personal property within the statute of frauds, where the memorandum of agreement consisted of telegrams bearing the same date, and containing symbolic figures and abbreviated terms, they should not only be read together, for the purpose of determining their sufficiency, but the court is permitted to interpret the terms used therein by the light of all the circumstances under which they were sent and received, and in the light of all the knowledge of the meaning of the terms which the parties to the transaction had at the time, and, if it can thus be plainly seen from the proper understanding of the telegrams who were the parties to the contract, and what were its subject matter and terms, the memorandum should be held sufficient.

ID.—ADMISSIBILITY OF PAROL EVIDENCE.—Parol evidence is admissible in such case to explain all of the circumstances surrounding the parties, to show in what sense the figures and abbreviated terms were used and understood by the parties, and to connect the description of the subject matter with the thing intended.

APPEAL from a judgment of the Superior Court of the County of Sacramento.   Matt. F. Johnson, Judge.

The facts are stated in the opinion.

White & Seymour, for Appellant.

The memorandum is insufficient, as it does not mention the subject matter, price, and terms of the contract, and these cannot be supplied by parol. (Benjamin on Sales, sec. 250, and note t; Browne on Statute of Frauds, secs. 371, 385; 1 Reed on Statute of Frauds, sec. 322; *Eppich v. Clifford,* 6 Colo. 493; *First Baptist Church v. Bigelow,* 16 Wend. 28; *Williams v. Morris,* 95 U. S. 456; *Wright v. Weeks,* 25 N. Y. 153; *May v. Ward,* 134 Mass. 127; *Pulse v. Miller,* 81 Ind. 190; *Holmes v. Evans,* 48 Miss. 247; 12 Am. Rep. 372; *Hyde v. Cooper,* 13 Rich. Eq. 250; *Whelan v. Sullivan,* 102 Mass. 206; *Waterman v. Meigs,* 4 Cush. 497; *Sheid v. Stamps,* 2 Sneed, 175; *Washington Ice Co. v. Webster,* 62 Me. 341; 16 Am. Rep. 462.)

Albert M. Johnson, for Respondent.

The telegrams are so connected. that they fairly constitute one paper, and must be taken together. (1 Beach on Contracts, sec. 575; *Ryan v. United States*, 136 U. S. 83; *Lee v. Mahoney*, 9 Iowa, 344; *Jelks v. Barrett*, 52 Miss. 315; *Fisher v. Kuhn*, 54 Miss. 480; *Breckinridge v. Crocker*, 78 Cal. 529; *Joseph v. Holt*, 37 Cal. 250; *Beckwith v. Talbot*, 95 U. S. 289.) Parol evidence is admissible to explain the trade terms used, to identify the subject matter, and to show the situation of the parties. (Beach on Contracts, sec. 581; Brown on Parol Evidence, sec. 10, p. 179; Wood on Statute of Frauds, secs. 364, 385, 395-97; *Stoops v. Smith*, 100 Mass. 63; 97 Am. Dec. 76; 1 Am. Rep. 85; *Hart v. Hammett*, 18 Vt. 127; *Callahan v. Stanley*, 57 Cal. 476; *Berry v. Kowalsky*, 95 Cal. 134; 29 Am. St. Rep. 101; *Salmon Falls Mfg. Co. v. Goddard*, 14 How. 446; *New England Dressed Meat etc. Co. v. Standard Worsted Co.*, 165 Mass. 328; 52 Am. St. Rep. 516.)

GRAY, C.—This is an action for a breach of contract of sale and purchase brought by the vendor against the vendee. The complaint sets out an agreement whereby plaintiff agreed to sell, and defendant agreed to buy, of plaintiff fifty-seven thousand one hundred and ten pounds of hops at eleven and five-eighths cents per pound; that plaintiff tendered the hops and defendant refused to take or pay for them, and that thereupon plaintiff sold said hops to a third person for the best obtainable price, which was eight hundred and thirty dollars and ninety-three cents less than defendant had agreed to pay therefor. Plaintiff obtained judgment for said eight hundred and thirty dollars and ninety-three cents, and defendant appeals. The case comes here on the judgment-roll.

The answer sets up the statute of frauds, alleging that the agreement sued on "was an agreement for the sale of goods and chattels at a price exceeding two hundred dollars; and defendant did not accept or receive any part of said goods and chattels, and did not pay any part of the purchase money therefor; and said sale was not made at auction; and said agreement was not, nor was any sufficient, proper, or adequate memorandum or note thereof, in writing, subscribed by defendant, or by any agent of defendant."

The court found as to the contract that Fred E. Alter was the general agent in the state of California and was empowered to make contracts therein for defendant. That C. A. Wagner was defendant's agent in the county of Sacramento, empowered to solicit samples in that and adjoining counties from hopgrowers and transmit the same to defendant's said general agent at Santa Rosa, California, "and to contract with such growers for the purchase from them in behalf of defendant corporation of such of said hops as might by the latter be desired, subject to the approval of the defendant corporation, through its general agent said Alter." That plaintiff was a hopgrower, having a farm near Ben Ali, Sacramento county, and in September, 1897, said Wagner, as agent for defendant, obtained samples of a certain lot of hops, consisting of two hundred and ninety-six bales, weighing fifty-seven thousand one hundred and ten pounds, belonging to said plaintiff, and transmitted said samples to Alter at Santa Rosa, at the same time informing said Alter of the fact that said samples were from the lot aforesaid comprising two hundred and ninety-six bales of the last pickings of hops grown by plaintiff during the year 1897 upon his said farm; that at the same time said Wagner designated said samples by the trade number or symbol "13"; that it was and is the custom which prevails generally among dealers in hops to mark and designate by number the different samples furnished them by growers, and such custom was followed by defendant in the transaction herein set forth. That hops are sold, according to the custom of trade and usage in California, by the pound. That on October 11, 1897, plaintiff and defendant's agent, Wagner, entered into an oral contract, subject to the approval of Alter, whereby plaintiff sold and defendant bought the aforesaid lot of hops, provided the same were in quality equal to the samples marked "13," and it was agreed that defendant should inspect the hops on or before October 16th. On the same day, October 11th, Wagner telegraphed to Santa Rosa as follows:

"October 11, 1897.

"Horst & Lachmund Co., Santa Rosa, Cal.

"Bought thirteen at eleven five-eighths net you; confirm purchase by wire to Brewer, nineteen sixteen M street, inspection on or before Saturday. Do you want fifteen at eleven quarter?

"C. A. WAGNER."

Alter received this message the same day, and thereupon sent to plaintiff, and plaintiff received, the following telegram:

"Santa Rosa, Cala., Oct. 11-97.

"Geo. Brewer, 1916 M street, Sacramento, Cala.

"We confirm purchase Wagner eleven five-eight cents. like sample.

"(Signed)    HORST AND LACHMUND CO."

That these telegrams are the only written evidence of the contract between the parties. That the said Alter knew that the number or symbol designated "13," used in the telegram first set out above, referred to and meant the hops belonging to plaintiff, as aforesaid, comprising said two hundred and ninety-six bales or thereabouts, and were the last pickings of plaintiff's hops grown upon his said farm in 1897, and also knew the situation of the hops and the other facts hereinbefore mentioned. And that defendant subsequently inspected the hops, and, without any lawful or just cause, rejected them and refused to receive them when tendered by plaintiff.

The only question presented for decision is, Did these telegrams constitute a sufficient note or memorandum of the contract to satisfy the requirements of the statute of frauds? The trial court, by its judgment, answered this question in the affirmative. And, in view of all the facts found, we think the court reached the proper conclusion. If there were nothing to look to but the telegrams, the court might find it difficult, if not impossible, to determine the nature of the contract, or that any contract was entered into between the parties. But the court is permitted to interpret the memorandum (consisting of the two telegrams) by the light of all the circumstances under which it was made; and if, when the court is put into possession of all the knowledge which the parties to the transaction had at the time, it can be plainly seen from the memorandum who the parties to the contract were, what the subject of the contract was, and what were its terms, then the court should not hesitate to hold the memorandum sufficient. Oral evidence may be received to show in what sense figures or abbreviations were used; and their meaning may be explained as it was understood between the parties. (*Mann v. Higgins,* 83 Cal. 66; *Berry v. Kowalsky,* 95 Cal. 134; 29 Am. St. Rep. 101; *Callahan v. Stan-*

*ley,* 57 Cal. 476.)   Also: "Parol evidence is always admissible to explain the surrounding circumstances, and situation and relations of the parties, at and immediately before the execution of the contract, in order to connect the description with the only thing intended, and thereby to identify the subject matter, and to explain all terms and phrases used in a local or special sense." (*Preble v. Abrahams,* 88 Cal. 245; *Towle v. Carmelo etc. Co.,* 99 Cal. 397.)   Interpreting the telegrams by the foregoing rules, it is not difficult to see that the parties to the contract are George Brewer, of 1916 M street, Sacramento, California, vendor, and Horst and Lachmund Company, of Santa Rosa, California, vendee; that the contract was one of purchase and sale, and the subject of it was the property represented in the first telegram by "thirteen" and well known by the parties to consist of two hundred and ninety-six bales of hops, and to be the last pickings of hops grown by plaintiff upon his farm in Sacramento county during the year 1897, and that the price to be paid for said hops was eleven and five-eighths cents per pound.

The two telegrams bear the same date; on their face the last one was sent to plaintiff in response to the first; and it is clear that they should be read together to determine whether they constitute the note or memorandum required by the statute of frauds.   (*Elbert v. Los Angeles Gas Co.,* 97 Cal. 244; *Breckinridge v. Crocker,* 78 Cal. 529.)   We are satisfied that the telegrams, thus read by the light of the circumstances surrounding the parties, are sufficient to take the contract out of the statute of frauds.   Any other conclusion than the one here reached would certainly impair the usefulness of modern appliances to modern business, tend to hamper trade, and increase the expense thereof.

We advise that the judgment be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Garoutte, J., Van Dyke, J., Harrison, J.