[Civ. No. 1498. First Appellate District.—May 25, 1915.]

GEORGE H. DERRICK et al., Respondents, v. C. W. R.
FORD CO. (a Corporation), et al., Appellants.

LEASE—PROPOSALS AND COUNTER-PROPOSALS IN LETTERS—ORAL WAIVER
OF POINTS OF DISAGREEMENT—STATUTE OF FRAUDS.—A lease of
premises sufficient to take the transaction out of the statute of
frauds is shown by the writing of a letter to the owner of the
premises offering to lease the same for a fixed term at a stipulated
rental, provided that the writer should have the privilege of sub-
letting and that the owner make certain alterations, and the reply
letter thereto expressly accepting the offer "with some small
changes" to the effect that the alterations be paid for by the lessee
and that a bond to secure the lease be given by him, where there-
after at a subsequent interview the requirement as to the bond was
waived and the lessee agreed to make the alterations at his own
expense, and possession of the premises was delivered and accepted,
notwithstanding that some time thereafter the lessee declined to sign
a submitted form of lease for the reason that it contained a pro-
vision prohibiting the subletting of the premises.

ID.—STATUTE OF FRAUDS—INFORMAL WRITING.—A formal document in
the form of a lease or other contract is not required in order to
take a transaction out of the statute of frauds, but letters, tele-
grams, receipts, and like informal writings will suffice for that pur-
pose if these are found to contain the essential elements of the
agreement between the parties.

APPEAL from a judgment of the Superior Court of
Alameda County and from an order denying a new trial. T.
W. Harris, Judge.

The facts are stated in the opinion of the court.

Rothchild,. Golden & Rothchild, and Fitzgerald, Abbott & Beardsley, for Appellants.

J. B. Richardson, and Girard N. Richardson, for Respondents.

LENNON, P. J.—This is an appeal from a judgment in favor of plaintiff in an action for unlawful detainer, and from an order denying the defendant's motion for a new trial.

The material facts out of which this action arose are not disputed, and are substantially these: In January, 1909, the Alameda County Loan Association was the owner of certain premises at the corner of Sixteenth and Clay streets in the city of Oakland, embracing a storeroom, having an entrance on both streets, with a basement, and being susceptible of division into two stores, and being known as No. 1303 Clay Street.   On January 9, 1909, the defendant wrote a letter to the said owner of these premises, offering to lease the same for a period of ten years at a rental of one hundred and twenty-five dollars per month for the first five years, and of one hundred and fifty dollars monthly for the remainder of the term. There were two provisos to the offer, of which the first was that the defendant was to have the privilege of subletting the premises in whole or in part to any responsible party; and the second was that certain alterations, such as connecting the Clay Street store with the basement, and erecting a partition dividing the two stores, were to be done at the expense of the owner of the building, the rent to commence when these alterations were completed.   On January 13, 1909, the owner of the premises wrote a letter in reply to this offer, expressly accepting the same ''with some small changes,'' which were to the effect that the alterations were to be paid for by the lessee, and that a bond for security on the lease was to be given.   Upon the receipt of this letter the representatives of the respective parties held an interview, at which the requirement as to the bond was waived by the owner, while the lessee agreed to make the proposed alterations at its own expense, except that it was to be allowed the favor of one month's rent. Thereupon the owner of the premises turned the possession thereof over to the lessee, who at once proceeded to make the alterations contemplated by the parties at a cost of about five hundred dollars.   A few days later the owner wrote another

letter to the lessee granting express permission to make these alterations couched in the following terms: ''In consideration of the lease entered into between your firm and our association, we hereby give permission to you,'' etc. On January 31 the lessee moved into the premises, and on February 1st paid the owner the stipulated rental of one hundred and twenty-five dollars for the month commencing March 1st. Some little time after the lessee had gone into possession of the premises and made the aforesaid expenditures, the owner submitted a form of lease, which, however, the lessee declined to sign for the reason that it contained a provision prohibiting the subletting of the premises. The lessee on its part thereupon submitted a form of lease with this proviso omitted, which the owner declined to execute. There the matter rested, the lessee occupying the premises and regularly paying its rent at the stipulated figure, which the owner received for more than three years.

On April 15, 1912, the Alameda County Loan Association sold the premises to the plaintiffs herein, and thereafter the defendant continued to occupy the premises and pay the agreed rent to the plaintiffs until June 25, 1912, when the latter served a notice on the defendant of a proposed increase in its rent to two hundred and fifty dollars a month. The defendant refused to pay this increased rental or to vacate the premises, whereupon this action in unlawful detainer was begun. The trial court rendered judgment in plaintiff's favor, from which judgment and from an order denying the motion for a new trial the defendant prosecutes this appeal.

The only question before this court is as to whether the letters which passed between the appellant and the owner of the premises in question amount to a written lease so as to take the transaction out of the statute of frauds.

We are of the opinion that the letters must be held to constitute such a writing as would serve to satisfy the statute. It is well settled that a formal document in the form of a lease or other contract is not required in order to take a transaction out of the statute of frauds; but that letters, telegrams, receipts, and like informal writings will suffice for that purpose if these are found to contain the essential elements of the agreement between the parties. (*Elbert* v. *Los Angeles Gas Co.*, 97 Cal. 244, [32 Pac. 9]; *Cheney* v. *Newberry*, 67 Cal. 125, [7 Pac. 444]; *Dodd* v. *Pasch*, 5 Cal. App. 689, [91 Pac.

166] ; *Norton* v. *American Ring Co.,* 1 Fed. 684; 20 Cyc. 278, and cases cited.)    It is the respondents' contention that the fact that the defendant's proposal to lease the premises in question as contained in its letter to the owner was not in all respects accepted by the latter, but was met by a counter-proposal, to which the defendant in its turn did not entirely agree, that therefore these letters are ineffectual to constitute a written agreement, for the reason that the minds of the parties apparently did not meet in them.    But the evidence shows that when the repesentatives of the parties did come together a day or two after these letters were wrtiten, a mutual waiver occurred as to the only two points of disagreement, the lessor waiving its insistence upon a bond, and the lessee waiving its suggestion that the proposed alterations be paid for by the owner.    It was not necessary that these mutual waivers should be put into writing in order to make the agreement of the parties as otherwise expressed in their correspondence complete; and that the situation was so regarded at the time by both the lessor and lessee is plain, for the former at once delivered over the keys of the premises to the latter, who immediately took possession and began making the contemplated alterations.    The later letter of the owner shows that it regarded the leasing of the premises upon the terms expressed in the two previous letters to have been consummated; nor is the fact that some time later it proffered a formal lease for signature by its tenant, which lease contained a condition differing from its prior agreement, sufficient to show that the minds of the parties had not met in their earlier writings.    Whatever tendency such evidence might have would be overcome by the subsequent conduct of the parties in executing the exact terms of their informal writings during a period of more than three years prior to the plaintiffs becoming the owners of the premises.    The appellant argues quite persuasively that by this long period of acquiescence on the part of the predecessors of the plaintiff, both it and they are estopped to claim that the executed agreement of the parties as embodied in their correspondence was not sufficient to satisfy the statute of frauds.

The foregoing views, however, render unnecessary a consideration of this or of the other points raised by the appellant in its briefs.

Judgment and order reversed.

**Richards, J.,** and Kerrigan, J., concurred.