[Sac. No. 2768. In Bank.—December 13, 1917.]

## A. G. FROST, Appellant, v. LESLIE T. ALWARD et al., Respondents.

CONTRACTS—SEPARATE WRITTEN INSTRUMENTS—DOCUMENTS EXECUTED BY ONE PARTY ONLY.—Where A and B executed a written instrument whereby they agreed to pay C a certain rate for hauling parcel post as long as their contract "with government holds," and on the same day C, "as part of the agreement made between the parties," executed a written instrument whereby he agreed with A and B to consider all contracts then held by him canceled after a certain period, should they put on automobile trucks for transportation of parcel post, those two instruments, though each is signed by only one of the parties thereto, are, under the provisions of section 1642 of the Civil Code, to be considered together as constituting one transaction, in effect as though the terms were embodied in one document.

ID.—SEPARATE WRITTEN INSTRUMENTS — STATUTE OF FRAUDS — MUTUALITY.—Where the terms of a contract are embodied in two separate instruments, each setting forth a part only of the contract, and each signed by only one of the parties thereto, the contract is not in contravention of the statute of frauds, and there is no want of mutuality in its terms.

APPEAL from a judgment of nonsuit of the Superior Court of Shasta County. James G. Estep, Judge.

The facts are stated in the opinion of the court.

McCoy & Gans, for Appellant.

Carr & Kennedy, for Respondents.

VICTOR E. SHAW, J., *pro tem.*—In this action plaintiff sought recovery of damages for the breach of an alleged written contract. At the conclusion of plaintiff's evidence the court made an order granting defendants' motion for a nonsuit upon the ground "that no contractual relation had been established between plaintiff and defendants in the action." In accordance with such order judgment was entered from which plaintiff appeals.

It appears that at the times in question defendants were contractors engaged in the carrying of United States mail and parcel post from Redding to other points in California;

that on August 14, 1915, two documents set forth in the complaint, designated therein as Exhibit "A" and Exhibit "B," as constituting the alleged contract between the parties, were executed in form and terms as follows:

"Exhibit 'A.'

"Redding, Cal., August 14th, 1915.

"We the undersigned agree to pay A. G. Frost for the hauling of Parcel Post from Redding to Weaverville the following rates $1.40 per hundred pounds from December 1st 1915 to April 15, 1916, from April 15, 1916 to December 1st, 1916 $1.00 per hundred pounds, the same each consecutive year as long as our Contract with Government holds, and the rates to intermediate points the same as per Contract price from the Government. Save and except that portion that we might haul on our Daily stage and not to exceed 750 pounds per day in excess of our 600 pounds load required by the Government.

"Said hauling to be done as required by the Government. Said A. G. Frost is to receive and deliver Parcel Post in good order as received to the different points mentioned.

"Leslie T. Alward.

"C. F. Brouillard."

"Exhibit 'B.'

"Redding, Cal., August 14th, 1915.

"I the undersigned A. G. Frost hereby agrees after one year from Sept. 1st 1915 should Alward & Brouillard put on Automobile Trucks for the transportation of Parcel Post to consider all Contracts cancelled then held by the undersign

"A. G. Frost."

By answer defendants admit that on the date named they made, executed, and delivered to plaintiff the writing designated Exhibit "A" and that at the same time plaintiff executed and delivered to them the instrument designated Exhibit "B," which without denial is alleged in the complaint to have been executed and delivered to defendants by plaintiff as a part of the agreement made between the parties.

As appears from the evidence, plaintiff entered upon and continued in the performance of the duty of transporting parcel post for defendants until about May 1, 1916, when the latter committed the alleged breach of contract for which the action was instituted.

The sole question presented is whether the instruments hereinbefore set out constitute a contract between plaintiff and defendants.

Both by the evidence and admissions in the pleadings they are shown to have been executed at the same time between the same parties and relate to the same subject matter, hence, as provided in section 1642 of the Civil Code, are to be considered together as constituting one transaction, in effect as though the terms were embodied in one document. (*Flinn & Treacy* v. *Mowry,* 131 Cal. 481, [63 Pac. 724, 1006]; *Ingoldsby* v. *Juan,* 12 Cal. 564, 577; *Makepeace* v. *Harvard College,* 10 Pick. (Mass.) 298.) Assuming the identical language set forth in the two documents to have been incorporated in one instrument signed by all the parties, it would clearly appear therefrom that for the period extending from December 1, 1915, to the termination of Alward and Brouillard's contract with the government, subject to their right to terminate the contract with plaintiff after December 1, 1916, by putting on auto trucks for the transportation of parcel post, they agreed to pay him, the plaintiff, the prices therein specified for hauling parcel post between designated points, and plaintiff agreed to perform the services in the manner required by the government and deliver the parcel post in as good order as it was delivered to him. Reference to the circumstances under which the contract was made and the subject to which it relates as provided by section 1647 of the Civil Code clearly warrants such interpretation. Thus construed the contract is not in contravention of the statute of frauds nor is there want of mutuality in its terms.

The judgment is reversed.

Sloss, J., Melvin, J., Henshaw, J., Shaw, J., and Angellotti, C. J., concurred.

Rehearing denied.