## KEITHLY *v.* CRAIG.

[No. 11,225.  Filed April 20, 1922.  Rehearing denied June 29, 1922.  Transfer denied March 16, 1923.]

1.  MASTER AND SERVANT.—*Contract of Employment.—Validity. —Letters.—Acceptance.*—A letter from defendant, a merchandise broker, offering plaintiff a specified salary per month and a specified commission on the annual net profits, and inviting an acceptance by telegram, together with a telegram of acceptance, *held* to constitute a complete and valid contract, although the letter did not indicate what plaintiff was to do. p. 406.

2.  FRAUD, STATUTE OF.— *Written Memorandum.— Sufficiency.— Letter.—Acceptance.*—A letter signed by the writer containing an offer of employment and setting forth the terms thereof, and a telegraphic acceptance by the recipient, *held* to be a sufficient memorandum under the statute of frauds.  p. 406.

3.  EVIDENCE.—*Parol Evidence.—Admissibility.—Explanation of Technical Terms of Contract.— Identity of Subject-Matter.*— Where the written memorandum of a contract shows who the parties thereto were, the subject-matter thereof, and the contractual terms, the memorandum is sufficient, and oral evidence may be admitted to explain the surrounding circumstances, and the situation and relations of the parties at and immediately before the execution of the contract, in order to connect the description of the thing intended, and identify the subject-matter, and explain technical terms employed in the contract.  p. 407.

4.  MASTER AND SERVANT.—*Contract of Employment.—Construction.— Commission on Profits Earned.— Failure to Collect.*— Where a contract of employment set forth a specified monthly salary, and provided that a "5 per cent. of total net profits earned.  *  *  *  In other words, 5 per cent. on the brokerage received during 1917 and payable on January 1, 1918.  If Thomas deal goes through whatever there is in it will be considered as brokerage earned," *held* that "profits earned" and "brokerage earned," were used as meaning the same thing, and the employe was entitled to commissions on profits earned, but which were not collected, the employe being without fault in that regard.  p. 408.

From Marion Superior Court (A3,285) ; *Linn D. Hay,* Judge.

Action by Robert L. Craig against Bert C. Keithly.

From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Clarence E. Weir* and *Charles W. Richards,* for appellant.

*Elmer E. Stevenson,* for appellee.

McMAHAN, J.—Complaint by appellee against appellant for an accounting and to recover certain commissions alleged to be due appellee on account of a contract of employment.

The complaint alleged that appellant, a merchandise broker, on November 13, 1916, submitted to appellee a proposition in writing, and signed by appellant, reading as follows:

"Your letter received this morning. Now here is a proposition for you which I believe will beat your Chicago proposition. $130 per month and 5 per. cent. of the total net profits earned per year, basing my services at $250 per month. Now you know that next year we ought to make a bunch of money. The 5 per cent. to be figured beginning Jan. 1st.—the future business to be based on business done this year for 1917 delivery. In other words 5 per cent. on net brokerage received during 1917 and payable on January 1, 1918. If Thomas deal goes through whatever there is in it to be considered as brokerage earned. Now we ought to make at least 10,000 net next year and believe we can do it. You might think this over and wire me on receipt of this letter."

It also alleges that appellee accepted said proposition by telegram and entered the employ of appellant under said contract January 1, 1917, and remained in appellant's employ until January 1, 1918, and that appellant had paid him the sum of $130 per month as provided in the contract, but that he had failed and refused to

pay appellee the five per cent. commission and demanding an accounting and judgment.

Appellant's demurrer for want of facts was overruled, after which he filed an answer and counterclaim. There was a trial by the court. The facts were found specially and are in substance as follows:

Appellant was a merchandise broker and in November, 1916, he and appellee entered into a contract whereby the former agreed to employ the latter in appellant's business for the year 1917. Said contract consisted of the letters set. out in the complaint and appellee's telegram of acceptance, dated November 15, 1916, and addressed to appellant wherein appellee stated, "I accept your proposition." Appellee entered the employ of appellant pursuant to this contract January 1, 1917, and continued in such employ during the year 1917, his duties being to act as broker in making sales, to travel as directed, to keep books, and to perform other duties incident to such employment. Appellant paid appellee the salary of $130 per month and his traveling expenses, but no part of the commission was paid except as hereafter stated. During 1917 appellant sold merchandise on which the brokerage due him was $46,638.62, $5,500.35 of which was uncollectible, and which should be deducted from the $46,638.62. The total expenses incurred in operating the business for the year, and which should be deducted from the gross brokerage, was $26,737.55. The net profits earned in the business for 1917 was $14,400.72. Appellee purchased from appellant an automobile for $350, which was to be charged against the five per cent. commission due appellee under the contract. Appellee was also indebted to appellant for other items amounting to $32.11. The court found that a further sum of $12,351.59 of the brokerage earned in 1917 under said contract was not collected by

appellant for the reason that after the termination of said contract appellant did not deliver the merchandise sold, and that appellee was not responsible for the failure to deliver such merchandise; that appellee had made demand for the balance due him; that there had been an unreasonable delay in making payment and that appellee was entitled to three years interest on the amount due him.

Upon these facts the court concluded, as a matter of law: (1) that the total net profits earned in the brokerage business in 1917, were $14,400.72; (2) that appellee was entitled to recover 5 per cent. of said $14,400.72; (3) that there was due appellant on his counterclaim $382.11, leaving a net balance of $348.92 due appellee plus $63 interest, or a total of $401.92.

Appellant contends that the court erred in overruling his demurrer to the complaint, and in each conclusion of law.

Appellant first insists that the writing set out in the complaint and pleaded as a written contract does not contain any promise on the part of appellee and 1, 2. does not show any consideration for the promises of appellant therein contained. This contention can best be stated by quoting from appellant's brief, wherein he says:

"The writing set out in the amended complaint, which is pleaded as a written contract, is a mere promise by the appellant to pay certain sums of money to the appellee. No consideration therefor is expressed or referred to. A writing executed by two parties containing merely a promise by one party to pay certain sums of money to the other, but which omits therefrom any statement of what such other party is to do, is not a complete contract. In such case the true contract made by the parties is partly in writing and partly in parol."

If the letter set out in the complaint is a promise by

appellant to pay a certain sum of money to appellee, as appellant admits it is, it became a contract when accepted by appellee. *Haskell, etc., Car Co* .v. *Allegheny Forging Co.* (1910), 47 Ind. App. 392, 91 N. E. 975. This letter contains an offer or proposition signed by appellant. It contains the essential terms of the contract, and it was accepted by the person to whom it was made. This is sufficient to take it out of the statute of frauds. 2 Elliott, Contracts §1324; *Olcott* v. *McClure* (1912), 50 Ind. App. 79, 98 N. E. 82; *Austin* v. *Davis* (1891), 128 Ind. 472, 26 N. E. 890, 12 L. R. A. 120, 25 Am. St. 456; *Brewer* v. *Horst and Lachmund Co.* (1900), 127 Cal. 643, 60 Pac. 418, 50 L. R. A. 240, and note.

It is quite clear that the minds of the parties met and that they fully understood each other. As said by the court in *Witty* v. *Michigan Mutual Life Ins. Co.* (1890), 123 Ind. 411, 413, 24 N. E. 141, 142 (8 L. R. A. 365, 18 Am. St. 327) : "Though there may be some formal imperfections in a written obligation or contract which parties have entered into, if it contains matter sufficient to enable the court to ascertain the terms and conditions of the obligation or contract to which the parties intended to bind themselves, it is sufficient."

If, when the court is put in possession of all the knowledge which the parties to the transaction had at the time, it can be plainly seen from the written memorandum who the parties to the contract were, what the subject of the contract was, and what were its terms, the court should not hesitate to hold the memorandum sufficient. Oral evidence may be admitted to explain the surrounding circumstances, situation, and relations of the parties at and immediately before the execution of the contract, in order to connect the description of the thing intended and identify the subject-matter, and to explain its technical terms.

*Brewer* v. *Horst and Lachmund Co., supra.* See, also, *Howard* v. *Adkins* (1906), 167 Ind. 184, 78 N. E. 665.

Appellant insists that the court erred in each conclusion of law. He contends that the contract provides that appellee should receive five per cent. of the "net profits;" that "net profits" are defined in the contract as "net brokerage received during 1917," and that there is no finding that any "net brokerage" was received during that year.

Referring to appellant's letter containing the proposition which is the foundation of the contract, appellant's offer was: "$130 per month and 5 per cent. of total net profits earned. * * * The 5 per cent. to be figured beginning January 1st.—the future business to be based on business done this year for 1917 delivery. In other words 5 per cent. on net brokerage received during 1917 and payable on January 1, 1918. If Thomas deal goes through whatever there is in it to be considered as brokerage earned." It is clear that the words "profits earned" and "brokerage earned" were used as meaning the same thing. The "net profits earned" is stated in the contract to be "net brokerage *received* during 1917, and payable on January 1, 1918." By this statement the five per cent. was to be figured, not on the net brokerage "received," but on brokerage received during the year and on the brokerage earned in 1917, and payable January 1, 1918.

The court found the gross brokerage earned during the year to be $46,638.27; that the uncollectible brokerage and expenses of the business aggregated $32,237.90, and that the net profits earned were $14,400.37.

The court concluded as a matter of law that appellee's five per cent. should be calculated on the $14,400.72, and that when so figured appellant owed him $720.04. Appellant, however, contends that the $12,351.59 brokerage which was not collected because of the failure of

appellant and the vendors of the merchandise to deliver the merchandise should be deducted from the $14,-400.37, and the five per cent. calculated on the balance. If this contention were adopted the amount due appellee would be $102.44 instead of $720.04.

It is true as contended by appellant that the $12,-351.59 was not collected, but it is not claimed that it was uncollectible or that it was not earned during 1917 and payable January 1, 1918. Why the merchandise sold was not delivered is not shown, although it is found that the failure to collect this sum was. not due to any act on the part of appellee. If there had been a settlement between appellant and appellee January 1, 1918, the latter would have been entitled to five per cent. of that sum. This being true, there was no error in the conclusion that there was owing appellee from appellant $720.04.

This disposes of all questions presented, since there is no contention but that the court was correct in the amount due appellant from appellee.

Judgment affirmed.