[Civ. No. 6304. First Appellate District, Division Two.—October 27, 1928.]

WILLIAM T. PRATT et al., Appellants, v. MARY A. BERETTA, Respondent.

Dozier, Kimball & Dozier for Appellants.

J. B. Feehan and Joseph Farry for Respondent.

NOURSE, J.—Plaintiffs sued for the specific performance of an alleged contract for the exchange of real properties. The cause was tried before the court, sitting without a jury, and resulted in a judgment for the defendant, from which the plaintiffs have appealed on a typewritten record.

The alleged contract upon which the cause of action is founded consists of two written documents, each executed separately by the respective parties at different times of the same day, and without the presence of the other party. Each document is in form and substance a contract between the signer and a common real estate agent employing such agent to effect the exchange of real property owned by the signer for other designated real property upon specified terms. The action was defended upon the grounds that the contract executed by defendant was obtained through misrepresentation and fraud upon the part of the real estate agent, and that the two contracts did not constitute an enforceable agreement between the plaintiff and the defendant. The trial court found against defendant upon her charge of misrepresentation and fraud, and found that there was no contract between the parties to this suit. It is this question alone which arises on this appeal—whether the two contracts with the common agent constitute an enforceable contract between the parties to the suit.

The two agency contracts were practically identical in form. They both "authorize and employ Trevor & Co., a corporation, as our agent in our behalf, to exchange" property, and authorize said agents "to enter into an agreement or agreements of exchange of said property in our name and in our behalf." Both contracts give to these agents the exclusive right for a period of six days to effect the exchange, and both provide that "upon the acceptance of this agreement we further agree to convey said property, etc." The contract signed by the defendant contained stipulations not found in the other, reserving to the seller definite time within which to vacate, and providing a condition that if

she found a cash buyer for her property during the period the contract should be null and void. Neither contract was accepted by the other party in express terms, and, so far as appears from the record, knowledge of the signing of either was not conveyed to the other party.

The contention of the appellants is that the two contracts express all the terms and conditions necessary to effect the exchange and that they should be deemed to constitute one contract of exchange within the rule of *Tuso* v. *Green,* 194 Cal. 574 [229 Pac. 327], and other cases citing and following that rule. The respondent contends that the minds of the parties never met, that all she agreed to was the employment of a common agent who was authorized to make the exchange and to enter into a contract for that purpose.

 The question to be determined in cases of this kind is whether the minds of the parties met upon the essential terms and conditions of the undertaking. "When the minds of the parties meet, that is to say, when the respective writings match one another as to subject matter, terms, and conditions, a contract comes into existence between the parties, and when such terms and conditions are stated in writings which are signed by the respective parties the contract is none the less a contract in writing merely because each of the respective writings is signed by but one of the parties. Such a contract in writing fully satisfies the statute of frauds. (*Frost* v. *Alward,* 176 Cal. 691 [169 Pac. 379]; *Merkeley* v. *Fisk,* 179 Cal. 748 [178 Pac. 945]; 12 Cal. Jur. 904, and cases cited.) In construing such a contract the separately executed instruments are to be considered and construed together as one contract." (*Tuso* v. *Green,* 194 Cal. 574, 581 [229 Pac. 327, 329].)

 In the Tuso case the parties had met and had orally agreed upon the terms of sale. They had then gone to the escrow-holder and had signed identical escrow instructions containing all these terms and conditions. These papers constituted the memorandum of the oral agreement within the statute of frauds. Here the papers signed by the respective parties were in the nature of an offer to exchange—not a memorandum of a prior oral contract to exchange. They both contemplated a formal acceptance before either party should be bound. Such acceptance could

have been made by either party, but neither party executed an acceptance of the offer of the other. On August 18, 1922, Trevor & Company, purporting to act under exhibit A, executed a written acceptance for the first owner. But neither exhibit A nor B expressly gave Trevor & Company such authority. On the contrary, each exhibit contains words indicating that the right to execute "an acceptance" remained vested in each owner. It is written that "notice of such acceptance" would fix the date on which the acceptor should commence to search the title of the other owner. It is also written that the right of Trevor & Company to demand compensation arose only "upon acceptance." Without some formal act on the part of the respective owners indicating an acceptance of the offer of the other the trial court correctly found that the minds of the parties had not met and that, accordingly, no contract had been made between them.

Judgment affirmed.

Sturtevant, J., and Buck, P. J., *pro tem.*, concurred.