Robert K. STRAUS, Plaintiff,

v.

Albert E. DE YOUNG, also known as Gene De Young; Gordon L. Harlan; Edward Urner; E. A. Andress; Ken Croes; Bryan Coleman; Ken Croes, Trustee; Lavonne Croes, Trustee; Defendants.

No. 1745.

United States District Court
S. D. California, N. D.
May 17, 1957.

James H. Denison and Robert H. Deitrich, Los Angeles, Cal., for plaintiff.

D. Bianco, Bakersfield, Cal., for defendants Albert E. DeYoung, Edward Urner, E. A. Andress, Bryan Coleman, Ken Croes, Trustee, and Lavonne Croes, Trustee.

William C. Crossland, Fresno, Cal., for defendant Gordon L. Harlan.

JERTBERG, District Judge.

The motions of the defendants to dismiss the action, for more definite statement, and to strike portions of the complaint came on for hearing on April 29, 1957.

The defendants, Albert E. DeYoung, Edward Urner, E. A. Andress, Bryan Coleman, Ken Croes, Trustee, and Lavonne Croes, Trustee, were represented by D. Bianco. Defendant Gordon L. Harlan was represented by William C. Crossland, and the plaintiff was represented by James H. Denison and Robert H. Dietrich.

The complaint contains two causes of action. The first cause of action prays for a decree requiring the defendants to specifically perform all of the terms and conditions stated and contained in Exhibits 1, 2, 3 and 4 attached to the complaint and which are designated in the complaint as "sale agreements". The second cause of action prays for damages, costs and expenses alleged to have been incurred by the plaintiff, in the event that the Court should determine that the plaintiff is not entitled to specific performance of the "sale agreements".

The complaint alleges that the defendant, Albert E. DeYoung, was the duly authorized agent and attorney in fact of the remaining defendants, under a written power of attorney empowering and authorizing DeYoung to sell all of the capital stock owned by the defendants in Kern County Broadcasters, Inc., a California corporation, engaged in the broadcasting business. All of the issued and outstanding capital stock is owned in varying shares by the defendants, the defendant DeYoung owning a majority of such shares.

The complaint further alleges that an agreement was reached between the plaintiff and the defendants for the purchase and sale of all of the stock of said corporation and that said agreement was reduced to writing in the form of four interrelated, interdependent and connecting agreements, copies of which are attached to the complaint as Exhibits 1, 2, 3 and 4, which are designated in the complaint as "sale agreements".

None of said exhibits were signed by any of the defendants or by DeYoung under the alleged power of attorney.

The complaint predicates jurisdiction of this Court upon diversity of citizenship (28 U.S.C. § 1332), in that plaintiff is a citizen of the State of New York, and all of the defendants are citizens of the State of California, and the amount in controversy exceeds the sum of $3,000, exclusive of interest and costs.

The defendants seek dismissal of the action upon the ground that the complaint fails to state facts sufficient to constitute a claim upon which relief can be granted. Specifically, the defendants contend that the "sale agreements" attached to the complaint is not enforceable under the provisions of Section 1624a and Section 1724 of the Civil Code and Section 1973a of the Code of Civil Procedure of the State of California.

Section 1624a of the Civil Code provides:

"(1) A contract to sell or a sale of any goods or choses in action of

the value of five hundred dollars or upward shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or *unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf.* (Italics added.)

"(2) The provisions of this section apply to every such contract or sale, notwithstanding that the goods may be intended to be delivered at some future time or may not at the time of such contract or sale be actually made, procured, or provided, or fit or ready for delivery, or some act may be requisite for the making or completing thereof, or rendering the same fit for delivery; but if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business, the provisions of this section shall not apply.

"(3) There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods".

Identical language is contained in Section 1724 of the Civil Code and substantially the same language is contained in Section 1973a of the Code of Civil Procedure of the State of California.

At the hearing of the motions, counsel for the plaintiff conceded:

(1) That there had been no such part performance by the defendants of the "sale agreements" as would avoid the requirements of Section 1624a;

(2) That there was no conduct on the part of any of the defendants, and no representations made by them, which would estop defendants from relying upon such section;

(3) That the plaintiff relies exclusively upon three written communications signed by the defendant DeYoung and directed to the plaintiff or his attorney. Copies of these written communications are attached to the complaint as Exhibits 5, 6 and 7.

Plaintiff contends that these written communications constitute some note or memorandum in writing of the contract or sale signed by the party to be charged or his agent in that behalf, as required by the provisions of Section 1624a of the California Civil Code.

During the course of the oral arguments on the hearing of the motions, the Court inquired of counsel for the plaintiff as to the basis or proof upon which plaintiff relies in order to prove the allegations contained in paragraphs 15, 16, 17 and 18 of the complaint. These paragraphs contain allegations that the defendants "accepted and agreed to the sale", and "defendants continued to treat said sales transaction * * * as having been accepted by them and each of them," and "defendants acquiesced in said sales transaction * * * as constituting an accepted contract of sale", and "defendants treated the agreement * * * as existing obligations of plaintiff and binding on defendants." In reply, counsel for the plaintiff stated that plaintiff relies entirely upon Exhibits 5, 6 and 7 attached to the complaint to sustain such allegations. With respect to the allegations contained in paragraph 19 of the complaint counsel for the plaintiff stated that the allegations of paragraph 19 of the complaint "were oral statements of the defendants by and through their agents".

Therefore, the issue to be decided by the Court on the motion to dismiss is whether or not the written communications, designated as Exhibits 5, 6 and 7, attached to the complaint, and signed by the defendant DeYoung, constitute "some note or memorandum in writing" of the "sale agreements", in compliance with

the provisions of Section 1624a of the California Civil Code. Counsel for all parties agree that a contract for the sale and delivery of corporate stock of the value of $500 or more is a contract to sell or a sale of goods or choses in action within the meaning of Sections 1624a and 1724 of the Civil Code and Section 1973a of the Code of Civil Procedure of the State of California. All counsel agree that the Statute of Frauds is a substantive statute and that this Court, sitting in a diversity suit, is bound to apply the law of the State of California in deciding the issue here presented.

The complaint, in substance, states that following a period of negotiation the parties reached a full, complete, definitive and detailed agreement which is embodied in Exhibits 1, 2, 3 and 4; and that all of the terms and conditions of the agreement are stated therein. There is no uncertainty, ambiguity or indefiniteness as to the subject matter, parties and terms of such agreement which need concern us as respects the motion under consideration. None of these documents, however, bears the signature of the defendants or their agent. The agreement, therefore, is oral and is rendered unenforceable by the Statute of Frauds, unless some note or memorandum thereof is signed by the defendants or their agent in that behalf.

The complaint makes it clear that Exhibits 5, 6 and 7 form no part of the oral contract embodied in Exhibits 1, 2, 3 and 4. None is necessary to identify the parties to or the subject matter of the oral agreement. None is necessary to supply any term or to explain or interpret any uncertainty or ambiguity since, presumably, the oral agreement embodied in Exhibits 1, 2, 3 and 4 is clear, complete, certain and unambiguous. The purpose of the inclusion in the complaint of Exhibits 5, 6 and 7, as shown in paragraph 24 of the complaint, is that the defendants "intended by said letters to convey to plaintiff written confirmation of, agreement to and acquiscence in the fact that he was the present owner and future operator in control of Station KERO-TV in Bakersfield, California, the corporation owning such station, and all of the assets thereof, under the terms and conditions set forth in said sale agreements, Exhibits 1, 2, 3 and 4 to this complaint".

In other words, the theory of the plaintiff is that Exhibits 5, 6 and 7 authenticate and confirm the oral agreement embodied in Exhibits 1, 2, 3 and 4, and show an acceptance of and acquiescence therein by the defendants, and thereby satisfy the Statute of Frauds.

I have found no decision of the reviewing courts of the State of California which passes upon this precise question in the fashion in which it appears in this case. None has been cited by counsel.

■■ The following rules of law, insofar as they relate to the Statute of Frauds, are well settled by decisions of the Supreme and Appellate Courts of the State of California:

1. That a contract may consist of several documents. Derrick v. C. W. R. Ford Co., 27 Cal.App. 456, 150 P. 396; Brewer v. Horst & Lachmund Co., 127 Cal. 643, 60 P. 418, 50 L.R.A. 240.

2. That it is not necessary that the party to be charged sign all of the documents comprising the contract, if one of the documents in the series, or all of the documents taken together set forth clearly and completely all of the essential elements of the contract, except those which may be reasonably implied as being present and inherent in the deal. Frost v. Alward, 176 Cal. 691, 169 P. 379; Derrick v. Ford, supra.

3. The document signed does not need to contain all of the terms of the contract; and the document signed does not need to be addressed to the other party. Moss v. Atkinson, 44 Cal. 3.

It is to be noted that the above rules relate to documents which, taken together, constitute the contract, and they are of little aid in resolving the problems presented in this case, because Exhibits 5, 6 and 7, signed by DeYoung do not

constitute any part of the oral agreement set forth in Exhibits 1, 2, 3 and 4.

Under California law, parol evidence is admissible to show in what sense figures and abbreviations are used, and their meaning may be explained as it was understood by the parties; and parol evidence is admissible to connect the description with the only thing intended, and thereby to identify the subject matter and to explain all the terms and phrases in a local or special sense. Preble v. Abrahams, 88 Cal. 245, 26 P. 99.

A memorandum signed by the party to be charged which forms no part of the contract, but which recognizes the existence of a contract, is a sufficient memorandum, and parol evidence is admissible to establish the same. Searles v. Gonzalez, 191 Cal. 426, 216 P. 1003, 28 A.L.R. 78; Albion Lumber Co. v. Lowell, 20 Cal.App. 782, 130 P. 858, 864.

In support of his position that Exhibits 5, 6 and 7 constitute a sufficient memorandum for purposes of the Statute of Frauds, the plaintiff states in his memorandum of points and authorities "the memorandum may consist of several writings if:

"a) each writing is signed by the party to be charged and the writings indicate that they relate to the same transaction, (Searles v. Gonzalez, 1923, 191 Cal. 426, [216 P. 1003] 28 A.L.R. 78; Brewer v. Horst & Lachmund Co., supra) or

"b) though one writing only is signed, if

"(i) the signed writing is physically annexed to the other writing by the party to be charged, or

"(ii) the signed writing refers to the unsigned writing; (Albion Lumber Co. v. Lowell, supra; Dunham-Carrigan [&] Hayden Co. v. [Thermoid] Rubber Co., supra [84 Cal.App. 669, 258 P. 663]; Kelley-Clarke Co. v. Leslie, supra [61 Cal.App. 559, 215 P. 699]) or

"(iii) it appears from examination of all the writings that the signed writing was signed with reference to the unsigned writing. (Frost v. Alward, supra; Searles v. Gonzalez, supra; Elbert v. L. A. Gas Co., supra [97 Cal. 244, 32 P. 9]; Albion Lumber Co. v. Lowell, supra.)"

The Brewer, Kelley-Clarke Company, Frost and Elbert cases are easily distinguishable from the instant case. Each of those cases involved an exchange of writings or telegrams which together constituted the contract. The party to be charged had signed the writing or telegram sent by him. In the instant case, Exhibits 5, 6 and 7 signed by DeYoung form no part of the oral agreement embodied in Exhibits 1 to 4, inclusive.

The Searles, Albion Lumber Company and Dunham-Carrigan cases are more in point. In each of these cases the party to be charged had not signed any document which formed an integral part of the contract, but had signed another document in which he expressly declared and recognized the existence of a contract. In the instant case, the three letters signed by De-Young do not mention or refer to the oral agreement embodied in Exhibits 1 to 4, inclusive. None of said letters incorporates the oral agreement therein by any internal reference. None contains any language which indicates or from which might be inferred an intention on the part of the defendants to authenticate or confirm the oral agreement.

It is my view that under California law, the three letters signed by DeYoung are insufficient to constitute the memorandum required by the Statute of Frauds, and that the oral contract embodied in Exhibits 1 to 4, inclusive, is therefore unenforceable. The motion of the defendants to dismiss the action is therefore granted. I see no useful purpose that could be served by granting plaintiff leave to file an amended complaint, since I am satisfied that plaintiff has stated his complaint in the strongest possible terms.

The granting of the motion to dismiss makes it unnecessary to pass upon the other motions.

Counsel for defendants are directed to prepare and lodge with the Clerk of this Court appropriate form of judgment of dismissal, in accordance with the rules of this Court.

The Clerk of this Court is directed to forthwith mail copies of this order to all counsel.