DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF NEVADA.

APRIL TERM, 1873.

---

## THOMAS TAYLOR, RESPONDENT, v. WILLIAM HEN-DRIE, APPELLANT.

STATUTE OF LIMITATIONS—PART PAYMENT 'NO ACKNOWLEDGMENT. Part payment under our statute of limitations does not avail to raise its bar.

REQUISITES OF NEW PROMISE OR ACKNOWLEDGMENT. The acknowledgment or promise in writing, contemplated by the statute of limitations (Stats. 1861, 31, Sec. 30) to take a case out of its operation, must be made by the party to be charged or his authorized agent and to some one having interest or authority to receive it.

NEW PROMISE MUST BE TO SOME ONE AUTHORIZED. Where Hendrie, being indebted on a note held by Huber, sent money to Curtis and wrote him a letter to apply it on the note and stating that he would soon send the balance: *Held*, that such letter was not a promise to Huber and not sufficient as evidence of a new or continuing contract to take the case out of the operation of the statute of limitations.

APPEAL from the District Court of the Sixth Judicial District, Lander County.

This was an action by the plaintiff as administrator of the estate of John Huber, deceased, to recover $402 52 on a promissory note, made November 2, 1866, and more than four years before the commencement of suit by defendant

to Thompson Richards, and by him indorsed to plaintiff's intestate. The cause was tried by the court below without a jury and resulted in findings and judgment in favor of plaintiff—it being there held that the letter of defendant to Curtis, set out in the opinion, was a sufficient acknowledgment to take the case out of the operation of the statute of limitations. Defendant moved for a new trial, but his motion was overruled; and he then appealed from the judgment and order.

*J. O. Darrow,* for Appellant.

The statute of limitations in reference to a new promise to take a case out of its operation clearly contemplates that the writing must be a *contract* made for the purpose of taking the case out of the statute. Formerly it was held that a promise to a stranger would be sufficient; but since the courts have come to regard the statute as one to be observed rather than one to be evaded, a different rule has obtained and it is held that like any other promise having legal force and sanction it must be made to the party seeking its benefits or to some one authorized to act for him. A promise to a stranger is insufficient. See *Keener* v. *Crull,* 19 Ill. 191; *Norton* v. *Colby,* 52 Ill. 204; *Kyle* v. *Wells,* 17 Penn. St. 286; 3 Strob. 171; 6 Geo. 21; 10 Watts, 261; 10 Barr. 130; 7 Yerg. 543. See also, *Wilcox* v. *Williams,* 5 Nev. 216, and cases there cited.

As it does not appear that Curtis was the agent of Huber or had any interest whatever in the matter referred to in Hendrie's letter, that letter, even if it had contained a promise, would not have removed the bar of the statute.

*N. D. Anderson,* for Respondent.

It seems to us a misapprehension of the law to suppose that the writing intended by the statute must be a "contract made for the purpose of taking the case out of the statute." The statute only requires that the evidence of the acknowledgment or promise must be "in writing,"

Taylor v. Hendrie.

and that it must be "signed by the party sought to be charged." No precise form of words is necessary. In this case there is not only an acknowledgment "in writing" and "signed by the party sought to be charged" that the note has not been paid, but an express promise to pay it.

Again, this is not a promise to a mere stranger. Even such a promise might be good; but it is to be noted that the letter from Huber to Hendrie was the motive for Hendrie's writing to Curtis and sending him five hundred dollars. He constituted Curtis beyond any question his agent; and what he could do himself he could do by his agent; and what was done by Curtis when he was acting for him in this transaction was the same as if done by himself. In fact Curtis was acting as the agent of both Hendrie and Huber. In no sense can he be considered a mere stranger to whom Hendrie made this acknowledgment. But in any view of the case an acknowledgment is an independent fact, which wheresoever and to whomsoever made, if clear and unequivocal and in writing and signed by the party sought to be charged, defeats the operation of the statute. See *Whiting* v. *Bigelow*, 4 Pick. 109; *Woodbridge* v. *Allen*, 12 Met. 471; 2 Greenleaf on Ev. Sec. 441; *Ashley* v. *Vischer*, 24 Cal. 322.

By the Court, WHITMAN, C. J.:

To this action on a promissory note the appellant interposed a plea of the statute of limitations. To take the case therefrom the respondent relied upon the following letter:

"HAMILTON, Jan. 14, 1869.

"Mr. A. A. CURTIS:

*Dear Sir:*—I received a letter from some one, I suppose it was from Huber, it had no signature. I send you five hundred dollars and want you to send me his note and apply the balance on Richards' note and I will send the balance on receipt of your letter.

Yours truly,

W. HENDRIE."

Upon the Richards' note (the one in suit), of which at the date of the letter quoted the deceased was the holder, two hundred and five dollars were paid by Curtis; and this completes the evidence.

Part payment under our statute does not avail to raise its bar. *Wilcox* v. *Williams*, 5 Nev. 206. It does not appear that Curtis was authorized to or did make any such promise as the statute requires. Nor can the declaration to Curtis by appellant be considered such promise. The statute of this State is clear and explicit; it relieves the necessity of considering the many decisions, to some extent conflicting, of what is an acknowledgment or promise sufficient to avoid the statutory bar. It is provided that "no acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this statute, unless the same be contained in some writing signed by the party to be charged thereby." Stats. 1861, 31, Sec 30.

It is evident that the statute contemplates a new or continuing contract, to be evidenced by a written acknowledgment or promise; such acknowledgment or promise to avail must be made by the party or his authorized agent to some one having interest or authority to receive the same; and so it follows that the promise so-called made to Curtis can not satisfy the statute, being made to one who at best was only the special agent of appellant for a specific purpose, and in no sense the agent of respondent's decedent, but to him a stranger.

But apart from this statute, which is to some extent peculiar as has been shown in *Wilcox* v. *Williams*, *supra*, the weight of authority is to the same effect. It was well said in *Kyle* v. *Wells*, 17 Penn. State Rep. 286: "There is a maxim in the Roman law *per extraneam personam nihil nobis acquiri potest*, through a stranger we can acquire no rights; and though this maxim is not found in our law, yet its principle is at the foundation of all our rules as to the priority of the contract and estate and as to matters *inter alios actæ*. If then the defendant had expressly told the witness that he

would call and pay, this would have been but the expression of a determination revocable at pleasure and would have created no legal duty. It is a perversion of the word promise to apply it to a declaration made to one who has no interest in or connection with the subject spoken of, and we cheat the law and morality too of their rights when we distort the meaning of words in order to reach a desired conclusion." 1 Bouv. Inst. 339; See also, *Keener* v. *Crull et ux.*, 19 Ill. 189; *Gillingham* v. *Gillingham*, 17 Penn. State, 302; *Bradford* v. *James*, 3 Strob. 171; *Hill* v. *Kindall*, 25 W. 528; *Bloodgood* v. *Brown*, 4 Seld. 362.

As there was no sufficient acknowledgment or promise to evidence a new or continuing contract, the appellant's plea was good and should have been sustained.

The order and judgment against him are therefore reversed and the cause remanded.

HAWLEY, J., having been of counsel for appellant, did not participate in the foregoing decision.