Coös,  }
Feb. 2, 1915. }

### ETHAN A. TITUS v. JOHN D. ANNIS & a.

Certain evidence deemed sufficient to warrant the submission of the question whether the defendant in an action of assumpsit agreed to pay the plaintiff a commission on the purchase price of land and subsequently made a new promise for the payment of the same sum.

In the absence of evidence of agency for the purpose, a new promise to pay an existing debt does not bind the promisor's business associate who was liable upon the original obligation.

ASSUMPSIT, to recover $350 as a commission on the purchase of 700 acres of land by the defendants.   The writ is dated November

13, 1913. The defendants pleaded the general issue and the statute of limitations. Transferred from the April term, 1914, of the superior court by *Sawyer*, J., on the plaintiff's exception to an order of nonsuit.

The plaintiff's evidence tended to show the following facts: In 1907, he was engaged in the business of examining timber lands, and buying and selling them on commission. At that time Annis asked the plaintiff to inform him of any good trades, as he desired to purchase. Shortly thereafter the plaintiff informed the defendants that there were 1,100 acres at a place in Canada, for sale at $7 per acre, and the parties went from their home in Colebrook and examined the property. Upon their return the defendants asked the plaintiff what pay he expected. He said fifty cents per acre, and they agreed to pay that sum if they bought the land. It was soon learned that 400 acres of the best of the land were not for sale, and in April, 1907, the defendants bought remaining 700 acres for $5 per acre. After waiting a reasonable time the plaintiff asked Annis for his pay, and Annis replied that he would attend to the matter. In 1909, the plaintiff again asked Annis for his commission, and Annis replied that he would attend to it and pay it.

*Horace J. Holden* (by brief and orally), for the plaintiff.

*Thomas F. Johnson* and *Drew, Shurtleff, Morris & Oakes* (*Mr. Morris* orally), for the defendants.

PEASLEE, J. It could be found from the evidence that the plaintiff was possessed of information as to the location of Canadian lands which were for sale, that the defendants desired this information and he furnished it to them at their request, and that they promised to pay him fifty cents per acre if they bought the land. Subsequently it developed that a part of the land was not for sale, and a little later the defendants bought the balance at a reduced price. From this it could be found that the defendants had received value from the plaintiff, at their request, and were bound to pay for it. It might well be argued that the amount was then uncertain, since the lands bought were presumably less valuable than the average of the whole tract to which the express promise related. But the plaintiff also testified that in a reasonable time thereafter he asked Annis for the money, and Annis promised to have the matter attended to. This would warrant a finding that the minds

of the parties met upon the proposition. There was therefore sufficient evidence of the existence of the contract, as against Annis, aside from any admissions contained in the new promise of 1909. In this state of the proof, the chief question argued by the defendants does not arise. The existence of the original undertaking is shown, without reference to the new promise; and the new promise could be found to refer to this undertaking and no other. The plaintiff testified that within six years he asked Annis for "that commission," and that Annis promised to pay it. This is sufficient evidence that at the time the new promise was made both parties had in mind the $350 for which this suit is brought. The plaintiff was entitled to go to the jury upon the question of Annis' original undertaking to pay $350 and of his new promise to pay the same sum. *Kittredge* v. *Brown*, 9 N. H. 377.

There is no evidence of a new promise by Johnson. That alleged to have been made by Annis did not bind his associate. There is no evidence that Annis was Johnson's agent for this purpose, or that he undertook to act in such capacity. It is unnecessary to inquire as to the sufficiency of the evidence to show an original undertaking by Johnson; for if there was one, action upon it is barred by the statute. As to him, the nonsuit was properly ordered and he is entitled to judgment; but as to Annis there must be a new trial.

*Exceptions sustained in part.*

All concurred.