[L. A. No. 7436.  In Bank.—July 5, 1923.]

## JAMES H. SEARLES, Respondent, v. ELLA IBS GON-ZALEZ, Appellant.

[1] QUIETING TITLE — MORTGAGE—STATUTE OF LIMITATIONS—TOLLING OF STATUTE—CHECKS IN PAYMENT OF INTEREST.—Checks given by one of the makers of a promissory note, secured by a mortgage on real property, for the exact amounts of installments of quarterly interest, and delivery of the checks to the agent of the owner of the note and mortgage, accompanied by the notices which the agent had sent to the debtors and which referred to the note, giving the amount and description thereof, and the amount of interest due, do not amount of themselves to an acknowledgment in writing of the debt sufficient to comply with the statute and do not constitute a new and continuing contract removing the case from the operation of the statute of limitations.

[2] ID.—LIFTING BAN OF STATUTE OF LIMITATIONS—FORM.—The code does not prescribe any form in which an acknowledgment or promise sufficient to lift the ban of the statute of limitations shall be made; it is sufficient if it shows the writer treats the indebtedness as subsisting and one which the debtor is liable and willing to pay; from this acknowledgment the law implies the promise to pay.

[3] ID.—EVIDENCE — CIRCUMSTANCES OF EXECUTING WRITINGS.—Parol testimony is admissible to show the circumstances under which different instruments relied upon to toll the statute of limitations were executed, how the parties acted with reference to them after they were executed, and what they did with them; it then remains to be determined what was the effect of the writings when considered together.

[4] ID.—JOINT OBLIGORS—NEW PROMISE BY ONE.—As a general statement, the promise of one of several joint obligors cannot avail to revive as against the others a cause of action barred by limitation, or to suspend the running of the statute.

[5] ID.—HUSBAND AND WIFE—AGENCY.—In the absence of evidence of agency for the purpose, between a husband and wife, a promise of the husband which, as to him, tolled the statute of limitations on a promissory note and mortgage executed by both, would not bind the wife.

---

5.  Acknowledgment by one of several obligors as barring defense of statute of limitations by others, note, 17 **Ann. Cas.** 176.

[6] ID.—MORTGAGES — STATUTE OF LIMITATIONS.—There are circumstances under which a mortgage executed by a husband and wife may be foreclosed, though an action against the wife to recover the debt is barred.

APPEAL from a judgment of the Superior Court of San Diego County. Edgar A. Luce, Judge. Reversed.

The facts are stated in the opinion of the court.

Ralph E. Jenney and Wirt Francis for Appellant.

W. T. Mossholder for Respondent.

WASTE, J.—The plaintiff brought this action to quiet title to certain real property. The defendant answered and filed a cross-complaint setting up an unpaid note and mortgage executed by the plaintiff's grantors, who were made cross-defendants. On its face the note was barred by the statute of limitations, but the defendant alleged that the makers thereof had, at various times, "acknowledged to this defendant their certain indebtedness to her and promised to pay the same, which said acknowledgments and promises were contained in several writings signed by said cross-defendants." She prayed for foreclosure of the mortgage and for deficiency judgment against the makers of the note. Judgment was entered for the plaintiff, and the defendant has appealed.

The only issue raised by the pleadings and tried in the court below relates to the application of section 360 of the Code of Civil Procedure, which provides that no acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of the statute of limitations, unless the acknowledgment or promise is contained in some writing, signed by the party to be charged thereby.

The evidence is uncontradicted. On the ninth day of April, 1914, the cross-defendants, Leroy H. and Nani A. Arnold, executed and delivered to the appellant, Mrs. Gonzalez, a certain promissory note for the sum of five thousand dollars, bearing date on that day, and due three years after date, with interest thereon at the rate of eight per cent per annum, payable quarterly. As security for the payment of such note they executed a mortgage on the real

property described in the complaint, the lien of which plaintiff seeks to remove in this action. Mrs. Gonzalez placed the note and mortgage for collection with the Southern Trust and Commerce Bank of San Diego, which institution, it is admitted, acted as her agent in dealing with Arnold during the entire transaction. Arnold testified that he kept track of the quarterly interest payments through regular interest notices sent to him by the bank just shortly prior to the payments becoming due. He thereupon wrote his check to the bank for the exact amount of quarterly interest due, one hundred dollars, and "inclosed the notice in an envelope with the check and mailed it to the bank; that was the general procedure"; or he took the notice and check in person to the bank. He continued this practice until some time in the year 1921. On one occasion, on October 13, 1917, not having received the interest notice, he wrote the Southern Trust and Commerce Bank of San Diego as follows:

"I have received no notice from you regarding interest ·on my note to Mrs. Maguil Gonzalez for $5000.00 which I believe was due Oct. 9, 1917.

"I have always received a notice from you and paid the interest at your bank.

"I enclose check for the amount, $100.00. If you still have the note please apply it on same if not please return it to me and inform me if possible to whom it is to be paid."

No other writings relating to the matter were ever signed by either Arnold or his wife, and no other acknowledgments or references to the indebtedness appear to have been contained in any writings that passed between the parties connected with the transaction. In January, 1922, the Arnolds transferred the mortgaged property to the plaintiff, who immediately brought the action against Mrs. Gonzalez to quiet title to the property. The foregoing facts were established at the trial, but when the note and mortgage were offered in evidence by the cross-complainant, the trial court sustained an objection that the cause of action was barred by the statute of limitations on April 9, 1921. The judgment is an affirmance of that contention.

When the plaintiff bought the property and instituted this suit the records showed that the lien of the mortgage had become extinguished. (Civ. Code, sec. 2911.) The

judgment must, therefore, be affirmed, unless the right of action on the note had been kept alive and enforceable by some means legally effective to toll the running of the statute of limitations. Appellant seeks to obtain a reversal by contending that when Arnold, one of the makers of the note, signed his personal checks for the exact amounts of the installments of quarterly interest and delivered those checks to the bank as agent for the appellant, accompanied by the notices which the bank had sent to him and which referred to the note, giving the amount and description thereof, and the amount of interest due, the transaction amounted to an acknowledgment in writing sufficient to comply with the requirements of the statute, and constituted sufficient evidence of a new and continuing contract on his part, which removed the case out of the operation of the statute of limitations. Some of the checks, accompanied by the notices, were made and sent or delivered to the bank prior to the expiration of the limitation of the note, and some were made and sent after the lapse of that time. The last one was dated January 12, 1921. The checks themselves, of which there were some twenty-five, contain no express reference to any note or obligation, or any notation indicating for what purpose they were given. The record discloses that the notices sent quarterly to Arnold, and returned by him, were the bank's "regular interest notice, a form . . . filled out saying interest will be due on the 9th of such a month . . . upon a note for $5000." On the objection of the plaintiff, further evidence of the contents of the notices was shut out by the ruling of the trial court.

[1] The checks, by themselves, do not meet the requirements of section 360 of the Code of Civil Procedure. (*Clunin* v. *First Fed. Trust Co.*, 189 Cal. 248 [207 Pac. 1009, 1011].) In that case it was claimed that the case was taken out of the operation of the statute of limitations by checks signed by the debtor payable to the order of the holder of the note, together with the memoranda made by the debtor on the stubs to which the checks were attached at the time they were made, showing the amount of the check and the purpose for which it was given. This court held that the stubs of the checks did not constitute an acknowledgment or promise sufficient to take the case out of the statute of limitations, since they

were never communicated to the creditor. The checks were held an insufficient acknowledgment because they made no reference to the existence of any debt, and contained no language which could be said to be uncertain in its meaning and subject to explanation by the aid of extrinsic circumstances so as to be made to refer to a debt. In reaching its conclusion in that case the court examined and analyzed the leading cases theretofore decided in this state and held, as a general rule of construction, that no writing is sufficient as an acknowledgment under section 360 unless it contains some reference to a debt, which, either of itself or with the aid of permissible evidence of extrinsic facts in explanation, amounts to an admission that there is a debt existing to the creditor to whom the writing is sent, for which the debtor is liable and willing to pay.

Two pertinent facts in the Clunin case differentiate it from the case at bar. There the checks were separated from the stubs to which they were originally attached, and on which appear the memoranda of the purpose for which they were executed; and they were not accompanied by any letter or other writing. The notations on the stubs were not in any manner communicated to the holder of the note. None of the checks was for the exact amount of interest due, but all included sums for other purposes.

[2] It is well established that the code section does not prescribe any form in which an acknowledgment or promise sufficient to lift the ban of the statute of limitations shall be made. It is sufficient if it shows the writer treats the indebtedness as subsisting and one which the debtor is liable and willing to pay. From this acknowledgment the law implies the promise to pay. (*Concannon* v. *Smith,* 134 Cal. 14, 20 [66 Pac. 40]; *Foster* v. *Bowles,* 138 Cal. 346, 351 [71 Pac. 494, 649]; *Clunin* v. *First Fed. Trust Co., supra.*) Such acknowledgment or promise may be made to an agent of the creditor or to some person authorized to receive it. (Wood on Limitations, 4th ed., sec. 81c; *Taylor* v. *Hendrie,* 8 Nev. 243.) A memorandum or promise, binding under the statute of frauds, may be gathered from several writings between the parties with reference to the subject matter and so connected with each other that they may fairly be said to constitute one paper relating to the contract. (*Concannon* v. *Smith, supra; Ryan* v. *United*

*States,* 136 U. S. 68 [34 L. Ed. 447, 10 Sup. Ct. Rep. 913, see, also, Rose's U. S. Notes] ; *Elbert* v. *Los Angeles Gas Co.,* 97 Cal. 244 [32 Pac. 9] ; *Brewer* v. *Horst & Lachmund Co.,* 127 Cal. 643 [50 L. R. A. 240, 60 Pac. 418].) While the memorandum must express the essential elements of the contract with reasonable certainty, these may be gathered either from the terms of the memorandum itself or from some other paper or papers therein referred to. If one of a series of papers which appear to have some relation to the same matter is signed by the party to be charged, this is enough, as all the papers are to be considered together as forming one contract or memorandum. There is no doubt, also, that parol evidence is admissible to identify any paper referred to. (*Freeland* v. *Ritz,* 154 Mass. 257, 259 [26 Am. St. Rep. 244, 12 L. R. A. 561, 28 N. E. 226].) Any rule to the contrary is not now conceded to be absolute. There may be instances in which it would be a violation of reason and common sense to ignore a reference which derives its significance from parol proof. (*Beckwith* v. *Talbot,* 95 U. S. 289, 292 [24 L. Ed. 496, see, also, Rose's U. S. Notes].) In such cases parol evidence of contemporaneous facts and of the circumstances in which the parties were when the writings were signed will be received to show their connection. What constitutes a ''reference'' in such cases? ''The old rule by which no other paper could be used to help out the memorandum unless incorporated into it by reference in the memorandum itself . . . is no longer followed. The connection between different papers, so that they may be considered together and their sufficiency be determined by the contents of all of them may be proved by oral evidence, at least so far as it is the result of that evidence to establish the fact that all of the different papers which are to be so considered together were brought to the attention of both parties, and were linked together in their minds, so that the parties themselves may be found to have adopted all the papers as the expression of their purpose. This is the effect of the recent cases.'' (*Nickerson* v. *Weld,* 204 Mass. 346 [90 N. E. 589].) The relation of one paper to another must appear upon the face of the writings relied upon, but it may appear in either of two ways. It may appear by express reference or from the nature of the contents. (*Swallow* v. *Strong,* 83 Minn. 87, 92 [85

N. W. 942].)   One writing may be connected with another either expressly or by internal evidence of subject matter and occasion.   (*Marks* v. *Cowdin,* 226 N. Y. 138, 145 [123 N. E. 139].)   It matters not what may have been the immediate purpose for which some of the writings may have been prepared, or that one of them may be unsigned.   All that the statute requires is written evidence from which the whole contract may be made out.   (*St. Louis, I. M. & S. Ry. Co.* v. *Beidler,* 45 Ark. 17, 28.)   "It has been held that if all the writings adduced to establish the contract when viewed together in the light of the conditions and circumstances of the parties at the time they were written show unmistakably that they relate to the same matter and constitute several parts of one connected transaction, so that there can be no other reasonable conclusion from the evidence thus afforded than that they were written with reference to those concurrent or preceding, there is such a reference of one to the other as satisfies the rule, although there is no reference in express terms; and parol evidence is admissible to show the circumstances under which the transaction occurred and to connect the several papers constituting the contract between the parties. *Strouse* v. *Elting,* 110 Ala. 132 [20 South. 123].   See, also, *Jenkins* v. *Harrison,* 66 Ala. 345; *White* v. *Breen,* 106 Ala. 159 [32 L. R. A. 127, 19 South. 59]."   (2 Ann. Cas. 293, note.)   "The rule is one founded in reason; and when, as practical men, we look at the writings, and see, inhering in them, evidence which entirely satisfies the mind that they all relate to one general transaction, there is no reason why they should not be so considered.   There is in such case a direct reference of the one to the other within the meaning of the law."   (*White* v. *Breen, supra.*)   In *Raubitschek* v. *Blank,* 80 N. Y. 478, the defendant and H. negotiated for the exchange of certain real estate.   The terms were agreed upon verbally by them.   The defendant gave H. a check for five hundred dollars as payment, receiving therefor a receipt signed by H. In an action upon the check it was contended that there was no consideration for the check in that no contract within the statute of frauds had resulted from the transaction. The court held that the mutual relation of the receipt and check "appeared upon their face quite as clearly as it does where a letter has been written which contains the

terms of contract and there is an acceptance," saying, further, "it is sufficient if when taken together a contract is made out, and there may be an identification of the documents."

[3] Parol testimony was properly admitted to show the circumstances under which the instruments relied upon were executed, how the parties acted with reference to them after they were executed, and what they did with them. It then remained to be determined what was the effect of the writings when considered together. (*Flegel* v. *Dowling*, 54 Or. 40 [135 Am. St. Rep. 812, 19 Ann. Cas. 1159, 102 Pac. 178].) With the identity of the writings established, it was material to appellant's cause that she be permitted to show the exact nature and contents of the interest notices sent by her agent, the bank, to Arnold. If it should be made to appear that the notices, even though printed, with blanks filled out, were in the nature of communications addressed to defendant Arnold, notifying him that on a date certain interest to the amount of one hundred dollars would be due from him by reason of an indebtedness aptly described and identified, and the notices bore the name or subscription of the bank, such writings and the checks promptly returned to the bank by the defendant Arnold, as was his custom for many years, will show, when considered together, that they relate to the same matter and constitute several parts of one connected transaction. They were, without question, linked together in the minds of the parties to such an extent that they must be found to have adopted the notices and checks as the expression of their purpose. (*Nickerson* v. *Weld, supra.*) From the relation thus established, there is such a reference of one to the other as satisfies the statutory requirement. (2 Ann. Cas. 293, note.)

It does not appear that the checks signed by Arnold and the interest notices from the bank were pinned together or in any way fastened to each other. But this was immaterial, for, in order to reach the bank when mailed, they were inclosed in an envelope, which so connected the two that, under all the circumstances, they may be taken together in each instance as one memorandum. (*Pearce* v. *Gardner*, 1 Q. B. Div. [1897] 688.)

191 Cal.—28

The letter of October 13, 1917, written by Arnold to the bank, considered together with the check for the interest then due, which accompanied it, extended the statute of limitations on the note, as to him, four years from that time, or until October 13, 1921. This action was not commenced until after that date. The last of the quarterly checks was dated January 12, 1921. It was, therefore, necessary for the appellant to fully establish the existence of a sufficient acknowledgment or promise to take the case out of the operation of the statute of limitations. It was error to exclude the evidence by which appellant sought. to establish the facts. Without such record the trial court was unable to fully determine whether, as a matter of law (*Concannon v. Smith, supra*), a new and existing promise or acknowledgment was raised which took the case out of the operation of the statute. If it finds there was such an acknowledgment, it will also be necessary for it to determine whether or not the admission or promise by Leroy H. Arnold, one of the joint obligors, operated to suspend the running of the statute as against his wife, Nani A. Arnold. [4] As a general statement, the promise of one of several joint obligors cannot avail to revive as against the others a cause of action barred by limitation, or to suspend the running of the statute. (*State Loan etc. Co.* v. *Cochran*, 130 Cal. 245, 255 [62 Pac. 466, 600].) [5] In the absence of evidence of agency for the purpose between Arnold and Mrs. Arnold, the judgment in Mrs. Arnold's favor would ordinarily be affirmed. (*Belloc* v. *Davis*, 38 Cal. 242, 256; *Titus* v. *Annis*, 77 N. H. 478 [93 Atl. 114].) But, as the point was not raised by either party here, and as the case must be sent back for a new trial as to Arnold, it may as well be tried anew as to both cross-defendants. [6] There are circumstances under which a mortgage executed by a husband and wife may be foreclosed, though an action against the wife to recover the debt is barred. (Wood on Limitations, 4th ed., sec. 81d [4].)

The judgment is reversed.

Myers, J., Lawlor, J., Lennon, J., Seawell, J., Kerrigan, J., and Wilbur, C. J., concurred.