**MANN v. PACIFIC LAND & CATTLE CO. et al.**

**No. 9171.**

Circuit Court of Appeals, Ninth Circuit.

Nov. 28, 1939.

Rupert B. Turnbull and Nathan M. Dicker, both of Los Angeles, Cal., for appellant.

S. P. Williams, of El Centro, Cal., for appellees.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

On November 13, 1935, the Pacific Land & Cattle Company filed a debtor's petition for corporate reorganization un-

der section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, in the United States District Court for the Southern District of California, Southern Division. On the same day the court entered an order approving the petition and appointing Frank L. Lathrop temporary trustee.

On April 26, 1938, William Mann, the appellant, filed with the trustee a creditor's claim for $3,400 and interest. The claim is based upon an indebtedness evidenced by a promissory note executed January 11, 1922 by the Pacific Land & Cattle Company in favor of J. S. Snyder, for the sum of $2,500 with interest at 7 per cent, payable in three years, payment thereof guaranteed in writing by G. A. Lathrop, and upon certain alleged promises or acknowledgments in writing made by the debtor after the statute of limitations had run upon the promissory note. The acknowledgments or promises specified in the proof of the unsecured debt were contained in four letters dated October 1, 1934, August 6, 1935, February 7, 1936, and June 16, 1936, respectively. It will be observed that the two letters of 1936 were written by the trustee after the filing of the debtor's petition for reorganization.

The claim was objected to on the ground that it was barred by the statute of limitations. On January 9, 1939, the court made an order confirming a plan of reorganization wherein it was provided that the claim of Mann was disallowed because barred by the statute of limitations. The appeal is from this portion of this order.

The sole question presented by the appeal is whether or not the written acknowledgments or promises were sufficient to overcome the bar of the statute of limitations.

The appellant relies upon § 360 of the Code of Civil Procedure of the State of California.[1]

The letter of October 1, 1934, to J. S. Snyder, signed by the Pacific Land and Cattle Co., Inc., by Philo Jones, auditor,[2]

[1] Section 360 of the California Civil Code of Procedure is as follows:

"Acknowledgment or promise renewing liability—Writing and Signing.—No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby."

[2] "Southern Pacific Land and Cattle Co., Inc., Wholesale Meats and Provisions, Imperial, California.

"October 1, 1934.

"Mr. J. S. Snyder,

"860 11th Ave.,

"San Diego, California.

"Dear Sir:

"Inclosed please find our check No. 3797 for $100.00 in accordance with request of your letter of Sept. 28th.

enclosing a check for $100, is the only letter where any direct reference is made to the indebtedness here involved. This letter states that the creditor's balance on the books of the corporation was $1500. The ledger of the corporation, and the oral testimony, shows that the only indebtedness due from the corporation to J. S. Snyder, was the one here in question. This has been assigned to the appellant. We assume that this letter of October 1, 1934, would be sufficient under the law of California to overcome the bar of the statute of limitations. Searles v. Gonzales, 191 Cal. 426, 216 P. 1003, 28 A.L.R. 78. The appellee contends that the statement in the letter with regard to the balance of the account was entirely unauthorized by the corporation. The testimony on that subject is as follows:

Philo Jones testified:

"I recall that Mr. [F. L.] Lathrop [the president and manager of the Pacific Land & Cattle Co.] said in regard to this letter to send a check and give Mr. Snyder the balance of his account. It was before Mr. Snyder visited the [Imperial] Valley that I gave him the balance that was owing, but I don't recall the year and the date."

F. L. Lathrop testified as follows:

"On October 1, 1934, I handed to Mr. Jones a check for $100 and told him to mail it to Mr. Snyder. I did not tell him to send any communication to Mr. Snyder. * * * I would like to add that if there were any letters written with regard to the account, I wrote them myself. In regards to business it was my rule to personally send all such letters."

■ Assuming that both witnesses were testifying about the same letter, the finding of the trial court in favor of the appellee is a determination of the facts in conformity with the testimony of Lathrop rather than Jones. Aside from an express authorization from the president, it is not contended that Philo Jones had authority to acknowledge this debt. Consequently, the letter of October 1, 1934, is insufficient to constitute a promise to pay on the part of the corporation.

On August 6, 1935 (stated in the claim as August 6, 1936), a letter was sent by the company to D. S. Snyder, a brother of J. S. Snyder, enclosing a check for $50, stating, "* * * Mr. G. A. Lathrop * * * has authorized us to mail you a check for $50 and inform you that at a later date when money matters were not quite so tight we will mail you another check for $50, making a total of $100.

■ This letter, under the California decisions, is at most an agreement to pay another $50, and is not an express or implied agreement to pay the whole debt, which is not referred to in the letter. See Maurer v. Bernardo, 118 Cal.App. 290, 5 P.2d 36.

■ Letters of February 7, 1936, and June 16, 1936, enclose checks for $50 and $100, respectively, but were sent by and signed by Frank L. Lathrop, as trustee in the reorganization proceedings, acting for the Pacific Land & Cattle Company. It is not directly contended that in California a trustee in bankruptcy reorganization proceedings would have power to execute a valid acknowledgment or promise to pay an indebtedness which has been barred by the statute of limitations. See note, 98 A.L.R. 1012; American Woolen Co. v. Samuelsohn, 226 N.Y. 61, 123 N.E. 154; Simpson v. Tootle, Wheeler & Motter Merc. Co., 42 Okl. 275, 141 P. 448, L.R.A. 1915B, 1221. But even if he were, the same objection would be applicable to these acknowledgments as to the others which simply enclose checks. They are not sufficient to toll the statute of limitations or to constitute a new acknowledgment or promise.

There was a time when it was a mooted question in the state of California whether or not a written check signed by the debtor given in payment of a debt was sufficient acknowledgment to toll the statute of limitations or to constitute a new promise. See Barron v. Kennedy, 17 Cal. 574, 577. That question is definitely settled by the decision of the Supreme Court of California in Clunin v. First Federal Trust Co., 189 Cal. 248, 207 P. 1009, holding such a check insufficient to toll the statute of limitations. The California decisions on this matter all agree that there must be a specific, clear and definite written acknowledgment of the debt in question in order to constitute a sufficient acknowledgment or new promise

---

"Your balance on our books after deducting today's check is $1500.00 principal to which should be added accumulating interest for the past several years.

"Yours very truly,
"Pacific Land & Cattle Co., Inc.
"By Philo Jones, Auditor."

under the statute. Searles v. Gonzales, 191 Cal. 426, 216 P. 1003, 28 A.L.R. 78; Fontana Land Co. v. Laughlin, 199 Cal. 625, 250 P. 669, 48 A.L.R. 1308. No such acknowledgment is found in the letters relied upon by appellant other than the one referring to a "balance" due appellant, which was unauthorized by the debtor.

Order affirmed.