NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTA BARBARA SMOKEHOUSE, INC., a California corporation; DHBRANDS LIMITED, a Cyprus limited liability company, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> AQUACHILE, INC., a Florida corporation; AGROSUPER S.A., a Chile corporation; EMPRESAS AQUACHILE S.A., a Chile corporation, <br><br> Defendants-Appellees. | No.  22-55676 <br><br> D.C. No. 2:19-cv-10733-RSWL-JEM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted October 16, 2023
Pasadena, California

Before:  CLIFTON and SANCHEZ, Circuit Judges, and KORMAN,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Santa Barbara Smokehouse, Inc. ("Smokehouse") sued AquaChile, Inc. for breach of a purported three-year supply agreement dated July 3, 2017 (the "2017 Agreement"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a grant of summary judgment de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). We affirm.[1]

1.      The district court properly held that the 2017 Agreement is unenforceable under the statute of frauds because it was not signed by AquaChile. *See* CAL. CIV. CODE § 1624(a). Plaintiffs argue that a signed 2019 agreement (the "2019 Agreement") references an agreement with the same date as the 2017 Agreement, and the two should be read together as one writing under the memorandum exception to the statute of frauds. *See Sterling v. Taylor*, 152 P.3d 420, 425 (Cal. 2007). While California law allows for two writings to be read as one memorandum, the 2017 Agreement and the 2019 Agreement were not sufficiently linked on their faces that "they may fairly be said to constitute one paper." *Searles v. Gonzalez*, 216 P. 1003, 1004 (Cal. 1923). The single reference in the 2019 Agreement to an agreement with the same date as the unsigned 2017 Agreement is not enough as a matter of law to satisfy the statute of frauds under the memorandum exception. *See id.* at 1005 ("[A]s practical men, we look at the

---

[1]      To the extent this disposition references information from sealed documents, the parties acknowledged at oral argument that none of the contents are still confidential.

writings and see, inhering in them, evidence which entirely satisfies the mind that they all relate to one general transaction, there is no reason why they should not be so considered.").

2. The district court properly held that the doctrine of part performance did not bar Defendants from asserting the statute of frauds. The doctrine of part performance "allows specific enforcement of a contract that lacks the requisite writing." *In re Marriage of Benson*, 116 P.3d 1152, 1159 (Cal. 2005). That AquaChile supplied salmon consistent with the 2017 Agreement did not "confirm[] that a bargain was in fact reached" given that AquaChile previously supplied salmon to Smokehouse without a long-term supply agreement in place. *See id.* at 1160.

3. Summary judgment was appropriate as to Plaintiffs' fraudulent concealment claims. To maintain a fraudulent concealment claim, "the defendant must have been under a [legal] duty to disclose the [material] fact to the plaintiff." *Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276, 310–11 (Cal. Ct. App. 2017). Since the 2017 Agreement was unenforceable under the statute of frauds, Defendants had no legal duty under that agreement to disclose their plans to discontinue supply. *See* Cal. Civ. Code § 1624(a). Plaintiffs' reliance on *Huy Fong Foods, Inc. v. Underwood Ranches, LP*, 66 Cal. App. 5th 1112 (Cal. Ct. App. 2021) is unavailing. Plaintiffs' own complaint details a contentious relationship

with Defendants that was completely unlike the "relationship of trust and confidence" in *Huy Fong* that gave rise to a legal duty to disclose material facts. *See id.* at 1122 ("Where there exists a relationship of trust and confidence, it is the duty of one in whom the confidence is reposed to make a full disclosure of all material facts within his knowledge relating to the transaction in question and any concealment of a material fact is a fraud.").

4.      Summary judgment was appropriate with respect to Plaintiffs' interference with prospective economic advantage claims. In California, "a plaintiff seeking to recover damages for interference with prospective economic advantage must plead and prove as part of its case-in-chief that the defendant's conduct was 'wrongful by some legal measure other than the fact of interference itself.'" *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 950 (Cal. 2003) (quoting *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 902 P.2d 740, 751 (Cal. 1995)). Defendants' conduct was not wrongful under the 2017 Agreement because that agreement was unenforceable under the statute of frauds, and Plaintiffs do not point to any other conduct "that [was] wrongful apart from the interference itself." *See id.*

5.      The district court's grant of summary judgment on Smokehouse's promissory estoppel claim was proper because Smokehouse had a "full and fair opportunity to ventilate the issues involved in the motion." *In re Rothery*, 143 F.3d

4

546, 549 (9th Cir. 1998); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence.").

6.     The district court properly granted summary judgment on AquaChile's counterclaim for breach of contract. Smokehouse does not dispute that it failed to pay for $556,519.32 of salmon received from AquaChile. Smokehouse claimed fraud as an affirmative defense, but fraud requires a showing of "misrepresentation, knowledge of falsity, intent to induce reliance, justifiable reliance, and resulting damage." *Odorizzi v. Bloomfield Sch. Dist.*, 246 Cal. App. 2d 123, 128 (Cal. Ct. App. 1966). Smokehouse failed to raise a triable issue as to damages – the unpaid invoices do not reflect that Smokehouse was charged a $0.15 premium for washed salmon, and Smokehouse points to no other evidence that a premium was charged.

**AFFIRMED.**